# Trammell *v.* Hudmon.

*Action to enforce Statutory Lien on House, for Materials furnished and used in Construction.*

1. *Complaint; joinder of counts against owner and contractor.*—A material-man, seeking to enforce a statutory lien on a house, for materials furnished and used in its construction (Code, §§ 3018–48), may join the owner and the contractor as defendants; claiming in one count under a contract between himself and the owner, and in another seeking to subject the balance due the contractor under a contract between him and the owner.

2. *Practice; postponing or compelling trial; what is revisable.*—An application to postpone or delay the trial, in order that a party may have an opportuniry to examine a deposition before announcing whether he is ready, is addressed to the discretion of the court, and its action can not be revised on appeal, either directly or indirectly; that is, neither by determining that further time should be allowed, nor by declaring that a subsequent motion to suppress the deposition, made during the trial, should have been considered, because further time to examine it was not allowed before the trial.

3. *Deposition; motion to suppress, on account of failure to answer cross-interrogatories.*—A deposition will not be suppressed on motion, on account of the failure of the witness to answer one or more cross-interrogatories, when the entire deposition shows that he testified fully, to the best of his recollection, as to all the matters embraced in those questions.

4. *Leading question; what is revisable.*—An objection to a question, on the ground that it is leading, is addressed to the discretion of the court, and its ruling is not revisable on appeal.

5. *Objections to question and answer; error without injury.*—The failure of the court to pass on objections to interrogatories, if erroneous, is error without injury, when the record shows that the same objections were urged to the answers of the witness, and were then considered and decided by the court.

6. *Secondary evidence of writing.*—When the terms of a written contract are material to the plaintiff's case, in one of the aspects in which it is presented by the pleadings, though immaterial in the other aspects, secondary evidence of its contents can not be received until a proper predicate has been laid.

7. *Relevancy of evidence showing to whom credit was given.*—Plaintiff seeking to enforce a statutory lien on a house, for materials furnished and used in its construction, under a contract between him and the owner; and it being shown that the account was entered on his books, not against the owner, but against the contractor; it is competent for

                    · [Trammell v. Hudmon.]

him to explain the entry, by showing that it was made by another person, without his authority, for the purpose of keeping the transaction separate from other claims held by him against the owner; but he can not testify or prove that he had before refused to credit the contractor, and would not credit him.

8. *Notice to owner, claiming balance due to contractor.*—When a material-man, or sub-contractor, seeks to enforce a lien on the property for the balance due the original contractor, or any part thereof, the notice which he is required to give must state, among other things, the amount claimed, "for what, and from whom it is owing" (Code, § 3026); and the failure to do so renders it fatally defective.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by R. J. Trammell, against G. N. Hudmon and C. M. Worthington, to enforce a statutory lien on a house and lot, for materials furnished by plaintiff and used in its construction; and was commenced on the 27th May, 1881. The lot belonged to Hudmon, and the house was built on it by Worthington under a contract with him. The complaint (or complaints) contained five counts, some of which alleged that the materials were furnished by plaintiff under a contract between him and Hudmon, and claimed a lien for the whole amount due, $720.45; while the others alleged a contract between Hudmon and Worthington for the erection of the house, the furnishing of lumber for it by plaintiff at the instance of Worthington, and notice of his claim to Hudmon, and sought to enforce a lien for the unpaid balance due Worthington at the time this notice was given. The defendant Hudmon demurred to the complaint, "because it attempts to make this defendant liable for an alleged debt due from him to plaintiff, and also liable for an asserted lien from him to said Worthington, to be condemned in favor of plaintiff on a debt owing him by said Worthington." The court overruled the demurrer, and the cause was tried on issue joined; the pleas being "the general issue and the statute of frauds."

The deposition of Worthington had been taken, on interrogatories filed by the plaintiff, and cross-interrogatorries filed by Hudmon. When the case was called for trial, an order for the publication of the testimony having been made about an hour previously, the defendant's attorneys stated to the court that they had not had time to read the entire deposition, and asked the court to grant them time to do so before announcing whether they were ready. The court allowed them a few minutes more for that purpose, "but not sufficient to enable them to read more than one-half of said answers,

when he had them called, and directed the parties to go to the jury, stating that he would let them object when the interrogatories and answers were read to the jury; to which action and ruling of the court the defendant objected and excepted." Before filing cross-interrogatories to said Worthington, the defendant had filed numerous objections to different questions propounded to the witness by the plaintiff—as, "because said question is leading;" "because the said question calls for a conclusion, and not facts;" "because the witness is asked to construe the contract," &c.   When the plaintiff offered the deposition as evidence to the jury, it being the first evidence offered by him, the defendant called the attention of the court to these objections, and asked the ruling of the court upon them; "but the court declined to do so, and allowed said interrogatories and answers to be read to the jury, without any ruling upon said objections; to which action of the court the defendant objected and excepted." The court then adjourning until the next morning, the judge directed the defendant's attorneys "to examine said interrogatories and answers, and prepare their objections in writing by the opening of the court the next morning." When the case was called the next morning, the defendant submitted a motion to suppress the entire deposition, on account of the failure of the witness, as alleged, to answer certain questions propounded in the cross-interrogatories; and he excepted to the overruling of this motion.   He also objected to certain portions of the answers of the witness, in which he testified as to the terms and stipulations of the contract for the building of the house, on the ground that a sufficient predicate had not been laid for the introduction of secondary evidence of the written contract; and exceptions were reserved to the overruling of these objections.

The plaintiff, testifying as a witness in his own behalf, stated that the account for the materials furnished was charged on his books to said Worthington; and he was then asked by his own counsel, "if he did not so charge it in order to keep it separate from other accounts for lumber which Hudmon was getting." The defendant objected to this question, and excepted to its allowance. "Plaintiff further testified, that he would not credit Worthington, and had before refused to credit him; and the reason why said account was charged on his books to Worthington was because it was done by his book-keeper, and not by himself;

to which last testimony of said witness the defendant objected," and excepted to the overruling of his objection.

As to the notice given by him to Hudmon, plaintiff testified, "that said notice was in writing, was sent by his book-keeper to Hudmon, and was in words and figures substantially as follows: 'I claim $720, balance on account for materials furnished to build a house (on lot one, block six), and I claim a lien on the house;' and with this statement of the contents of said notice the witness stopped;" but the court afterwards allowed him to testify, against the objection of the defendant, that it also stated that the amount claimed was due January 1st. "This being all the testimony as to the contents of said written notice, the defendant moved to exclude the same from the jury;" which motion the court overruled, and the defendant excepted. The court charged the jury, among other things, "that the contents of the written notice given to Hudmon by Trammell, as testified by Trammell, is all that the law requires it should be, and is sufficient to constitute a lien on the property sought to be charged." To this charge defendant excepted.

All the rulings of the court to which exceptions were reserved, is above stated, are now asssigned as error.

A. & R. B. BARNES, and GEO. P. HARRISON, for appellant.

JNO. M. CHILTON, and W. J. SAMFORD, contra.

McCLELLAN, J.—1. The question of misjoinder of counts in the complaint, presented by the demurrer, was before this court on a former appeal. It was then held, that the complaint was not open to this objection, and we see no reason now to reconsider that ruling.—Trammell v. Hudmon, 78 Ala. 22.

2. It was entirely within the discretion of the Circuit Court, to postpone or delay the trial temporarily, in order that counsel might have opportunity to examine a deposition, which had been taken in the case, or to refuse to do so; and its action in that regard is not revisable, either directly —as by a determination here that further time should have been allowed; or indirectly—as by holding that a motion made during the trial to suppress the deposition should have been considered, because the refusal of the court to allow further time for an examination had prevented the motion's being made before the trial was entered upon.

[Trammell v. Hudmon.]

3. The motion referred to, however, might have been properly overruled on another ground. Indeed, for aught the record discloses, the action of the court was based on other reasons. The object of it was to suppress the entire deposition of the witness Worthington, because, as was alleged, he had failed to fully answer certain questions contained in the third, fourth and fifth cross-interrogatories. An examination of the whole deposition demonstrates that, either in the answers to these interrogatories, or in other parts of his testimony, the witness testified as fully as his recollection admitted of, with reference to all the matters embraced in these questions.—*Goodrich v. Goodrich*, 44 Ala. 670; *Meyer v. Mitchell*, 75 Ala. 475.

4. The failure of the court to pass on defendant's objections to interrogatories filed to the witness Worthington, if error, was without injury. The only ground of these objections, which could not, with equal advantage, have been laid against the answers of the witness, was, that the questions were leading; and the ruling of the primary court on this ground is not revisable.—*Donnell v. Jones*, 13 Ala. 490.

5. The record shows that the defendant had the benefit of all other grounds of objection, upon which he was entitled to rely, in being allowed to file, and have the court pass on, his objections to the evidence when it was offered. He was, therefore, not prejudiced by the omission of the court to rule on his original objections.

6. It is now to be considered, whether the court erred in allowing the answer of this witness, to which exception was taken, to go to the jury. The bill of exceptions does not purport to set out all the evidence. It is affirmatively shown, however, that the deposition of Worthington was the first evidence introduced. This deposition contained evidence of the terms of the original contract between Hudmon and Worthington, which was shown by it to have been in writing, but it contained no evidence of its loss or destruction. In one aspect of the case presented by the pleadings, the plaintiff's right to recover depended upon the terms of this contract, and was to be "worked out by a species of subrogation" of Trammell to the right of Worthington under the written instrument, as modified by the subsequent verbal agreement. The contract, then, was not merely incidental and collateral to the issues in the case, but, as to one of these issues, it was direct and controlling, and should have been

[Trammell v. Hudmon.]

produced, or its absence accounted for, before secondary evidence of its terms was received. The admission of the evidence of Worthington, as to thé contents of this instrument, before any showing of its loss was made, was, therefore, improper, and the action of the court in overruling defendant's objection to it was error, raising a presumption of injury, which the record fails to affirmatively show was rebutted by subsequent proof of loss or destruction of the paper, and operating a reversal of the case. The other objections to thè evidence of the witness, Worthington, were correctly adjudged by the court below.

7. In one phase of the case, plaintiff's claim was directly against Hudmon. It having been drawn out, that the account appeared on his books as against Worthington, it was competent for him to explain to the jury how this was so, consistently with the theory of Hudmon's direct liability to him. To this end, the facts that the charge had been so made to keep this transaction separate from other claims he had against Hudmon, and that the entry had been made by another, without his authority, were properly admitted; but his statement, that he had before refused to credit Worthington, and would not credit him, should have been excluded.

8. The notice provided for by section 3026 of the Code, to charge the owner for the unpaid balance due the contractor, must state, among other things, "for what, and from whom" the amount claimed "is owing." The notice proved on the trial did not fulfill this requirement, and the motion of the defendant to exclude it from the jury should have been sustained; and for the same reason, that part of the court's general charge which related to this notice, and to which an exception was reserved, was erroneous.

We discover no error in the charges given by the court at the request of the plaintiff. The other questions presented by the record will, probably, not arise on another trial of the case, and we deem it unnecessary to consider them.

Reversed and remanded.