# Baker v. Graves et al.

*Bill in Equity to foreclose Mortgage.*

1.  *Amendments to bill; not allowed when repugnant to the averments of*

[Baker v. Graves et al.]

*the original bill.*—Where a bill in equity is filed by the assignee of a mortgage, seeking its foreclosure, an amendment by which new parties defendant are made, and the validity of the assignment to the complainant is assailed, and compensation from the assignors is sought to be recovered, by reason of alleged fraudulent misrepresentation, is variant from, and repugnant to, the purposes for which the original bill was filed, and it can not be allowed.

2. *Demurrers to the bill; rulings thereon.*—While a demurrer to a bill in equity must set forth the grounds of demurrer specifically, if the decree of the chancellor is general, not stating the particular causes of demurrer, it will be referred to such grounds as were well taken.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was originally filed by the appellant, N. C. Baker against Willis Graves and R. E. Brinson; and sought to have foreclosed a mortgage given by Graves to Pritchett & Merriwether,which was transferred by them to complainant. The original bill set up that Brinson, the landlord, had waived certain rights pertaining to the landlord's lien in favor of the mortgagee. Afterwards the complainant amended his bill making Pritchett & Merriwether and one McGrath parties defendant, and alleging that they had imposed on and defrauded the complainant, and misrepresented the condition of their agreement with Brinson. The only prayer contained in the amended bill is copied in the opinion. The defendant demurred to the amended bill on several grounds among which were, that it made a new cause of action, and was a departure from the original bill; and wholly inconsistent with it.

On the submission of the cause upon these demurrers the chancellor rendered the following decree: "This cause is submitted for decree on the demurrer of the defendant; and on consideration it is ordered that said demurrer be sustained. The complainant may offer an amendment to the bill." Complainant brings this appeal and assigns as error the decree of the chancellor in sustaining the demurrer.

J. C. RICHARDSON, for appellant.

GIRARD COOK, *contra*.

STONE, C. J.—As the assignee of the mortgage, the

appellant filed the original bill for a foreclosure of the mortgage and to compel the parties who had received, or who were in possession of, parts of the mortgage property, to account for the same.

The amended bill avers that at the time of the assignment of the mortgage, the assignors made to the appellant the representation that the landlord of the mortgagor had waived his lien for rent on the crops conveyed by the mortgage ; and also introduces a senior mortgage, of which the appellant claims to be assignee, and avers that it is entitled to priority of payment. The only prayer for special relief in the amended bill is expressed in these words : "That the said Pritchett and Merriwether and McGrath be held and required to make good their representations hereinbefore stated, and that the transfer to this complainant of said mortgage be held fraudulent and void, and the said Pritchett and McGrath and Merriwether, be required to refund to the complainant the amount of money paid by him to them for said mortgage, together with the interest thereon, and the damages which he has sustained thereunder." There were demurrers to the amended bill, and a decree rendered by the chancellor sustaining them, from which this appeal is taken.

1. The grounds of demurrer necessary to be considered, are, that the amended bill makes an entirely new case, and is a radical departure from the matter and cause of action stated in the original bill. Liberal as is the statute of amendments, and liberal as has been the judicial construction it has uniformly received, the right it confers is not without limit. Under the guise of an amendment, there can not be an entirely new case made, or a radical departure from the cause of action stated in the original bill. The purpose of the original bill was clear and well defined, the foreclosure of the mortgage assigned to the appellant—and in aid of it, an account of parts of the mortgage property which had passed into the possession of persons taking with notice of the mortgage. From this purpose the amended bill proposes to depart, and to make a new case variant from and repugnant to that made by the original bill. The foreclosure of the mortgage is abandoned, the validity of the assignment to the appellant is assailed, and compensation from the assignors is sought to be recovered, because of represen-

tations which it is supposed convict the assignors of fraud. If the amended bill presented matter of equitable relief, it is apparent that it is repugnant to, and variant from, the matter of the original bill, introducing a wholly different cause of action and ground of relief.— 3 Brick. Dig., 380, §§ 208, 209, 219.

2. A demurrer to a bill in equity "must set forth the ground of demurrer specially, and otherwise must not be heard."—Code, § 3443. Some of the causes of demurrer assigned, it may be, are too general, and could not be heard. The second, third and fourth causes of demurrer assigned by the appellee Brinson specify with sufficient distinctness the objection to the amended bill we have considered. The decree of the chancellor is general, not stating the particular causes of demurrer which were sustained, and if necessary, we would refer it to such causes as were well, and not to such as may be illy, assigned.

The decree is affirmed.