194 So. 885
### BROWN v. HAWKINS.
### 6 Div. 549.

Supreme Court of Alabama.

March 28, 1940.

L. C. Albright and Roy McCullough, both of Birmingham, for appellant.

292

Nash & Fendley, of Oneonta, for appellee.

BOULDIN, Justice.

This appeal is from an order or decree dismissing a bill in equity for want of prosecution.

It appears from the record that the original bill was filed in 1928. Demurrers to bill were overruled September 5, 1930; and on same date respondent filed answer and cross-bill. No further proceedings appear until July 10, 1934, when respondent filed a motion to dismiss for want of prosecution, or complainant be required to take testimony and submit within a reasonable time. Thereupon, a decree was entered requiring complainant to submit within sixty days, and directing notice of the decree to be given complainant's solicitor.

Again, on regular call, August 6, 1934, a second order requiring a submission of the cause within sixty days was entered.

Nothing further appears until June 6, 1935, when respondent again filed a motion to dismiss for want of prosecution.

On November 29, 1938, complainant filed a motion reciting that his solicitor had on June 26, 1935, received notice by mail from the register that the equity docket at Oneonta would be called on June 27, 1935, and had notified the register by mail that it would be impossible for him to reach his client, who was in Arkansas, and requested a continuance of the cause; that, nevertheless, a docket memorandum was made, reading: "6/27/35, dismissed for want of prosecution;" that no decree or minute entry in accordance with this memorandum was entered; that said memorandum was void; that complainant had repeatedly demanded that the register dis-

regard such memorandum, restore the case to the docket, and set the case down for hearing, which the register declined to do without an order from the court; that on the same date of filing this motion movant had requested the register to issue a commission to take the testimony of complainant's witnesses, which was also refused.

The motion prayed an order setting aside the purported dismissal, restoring the cause to the docket, and directing the register to issue the commission, etc.

This motion being presented to the trial judge on November 29, 1938, an order was made setting it down for hearing on December 20, 1938, on which date an order was made vacating the memorandum purporting to dismiss the cause, June 6, 1935; and on same date entered a further decree reciting: "On the regular call of the equity docket the complainant appearing and requesting further time for the taking of the testimony in said cause and the respondent appearing and refiling his motion to dismiss said cause for failure of the complainant to submit said cause in compliance with the former decree in this cause dated the 11th day of July, 1934, and the 6th day of August, 1934, and it appearing to the Court that said last named orders of the Court were not complied with and no good reason being shown for such non-compliance."

Thereupon, the application for further time to take testimony was denied, and the cause dismissed for want of prosecution.

It is manifest, the court deemed the former memorandum of dismissal inadequate; but held the complainant had shown no excuse for disregarding the two orders of the court made in 1934, and dismissed the cause in pursuance of such orders.

The above recitals clearly demonstrate that the court in the exercise of his discretion properly dismissed the cause. Courts are entitled to have such orders respected and obeyed.

Appellant insists that after vacating the purported dismissal in 1935, and restoring the cause to the docket, the cause could not be dismissed without one day's notice under Chancery Rule 97.

The decree discloses the cause was reached on regular call, and complainant was still asking a continuance and further time to take testimony, showing no excuse for not having complied with orders made years before. Chancery Rule 97 has no

application to this situation. Millard F. Hall et al. v. Eva M. Proctor et al., ante, p. 211, 194 So. 675.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.