14 So.2d 151
**EMANUEL et al. v. UNDERWOOD COAL & SUPPLY CO.**
I Div. 182.

Supreme Court of Alabama.
June 10, 1943.

437

Wm. G. Caffey, of Mobile, for appellee.

Vickers and Leigh and Norvelle R. Leigh, III, all of Mobile, for appellants.

LAWSON, Justice.

The appellee, Underwood Coal and Supply Company, filed its bill in equity against the appellants, Nick and Pauline Emanuel, and against the Security Federal Savings and Loan Association of Mobile to enforce a lien for building materials furnished by it. Demurrers filed by both respondents were overruled. From the action of the trial court in overruling their demurrer the appellants have appealed. No appeal was perfected by respondent Security Federal Savings and Loan Association.

The averments of the bill, in part, are as follows:

1. That Nick and Pauline Emanuel owned a vacant lot in Mobile and with the purpose and intent of constructing a dwelling and other improvements thereon entered into a contract with the respondent Security Federal Savings and Loan Association of Mobile (hereafter called Security Federal), by which they agreed to borrow from Security Federal the sum of $3,600 to be used in the construction

of the said building and improvements, with the understanding and agreement that the said owners of the lot would agree to execute a mortgage thereon to include also buildings and improvements when constructed thereon, to secure the payment of the loan by Nick and Pauline Emanuel; that the mortgage on the lot to secure said loan had been executed.

2. That as a part of the agreement for the loan, it was understood and agreed between the owners of the lot, Nick and Pauline Emanuel, that the monies so loaned to them should be retained by the Security Federal for the purpose of paying the costs of construction of the dwelling and improvements. That such payments were only to be made as the building and improvements reached a specified stage of completion and then only in specific installments when evidence was presented to the Security Federal by receipted bills or otherwise that all indebtedness for labor and materials furnished by the contractor in the construction of the dwelling and improvements to the date of such payments had been paid by the contractor so as to protect said owners, Nick and Pauline Emanuel, against the accrual of mechanics' and materialmen's liens for labor and material furnished and to secure the payment of laborers and materialmen furnishing labor and materials in the construction of said building and improvements.

3. That the owners, Nick and Pauline Emanuel, employed Better Homes, Inc., to construct said building and improvements. That the complainant notified Security Federal, which was acting as agent for the owners, that it had been requested by the contractor, Better Homes, Inc., to furnish materials for the construction of said building and improvements and that they had been informed that Security Federal had loaned the owners (appellants) the money with which to construct said building and improvements and that it (complainant) desired to know where it would receive payment for the materials so furnished. That in response to said inquiry, complainant was informed by Security Federal that it had made such loan; that it had control of the disposition thereof; that it would pay the contractor, Better Homes, Inc., no money out of said fund unless and until the contractor, Better Homes, Inc., presented receipted bills showing the payment of all of the labor and material claims and would issue no checks to the contractor except upon receipts showing the payment by it of such labor and material bills.

4. That Security Federal did not withhold payments of installments to the contractor until the building and improvements had reached the stage of completion at which payments could properly be made under the loan contract, but made payments in advance of the completion of the building and improvements to the requisite stage and in larger amounts than it was authorized to make and made such payments without requiring any evidence, by receipted bills or otherwise, that all indebtedness for labor and material furnished the contractor in the construction of said building and improvements had been paid by the contractor; that as a result of such conduct on the part of Security Federal the indebtedness for labor and material so furnished on the order of the contractor for and used in the construction of said building and improvements, including the indebtedness to the complainant for $2,005.38 worth of material furnished to be used in, and in fact used in, the construction of said building and improvements, remained unpaid at the time the contractor, Better Homes, Inc., became insolvent and discontinued its business, including the performance of said construction contract; that Security Federal, in violation of its contract with the owner and in violation of its duty to see that labor and material claims had been and were being paid by the contractor, and in violation of its promise to the complainant, without which the complainant would not have furnished material to said contractor for the construction of said building and improvements, issued the checks and made payments to the contractor on its mere representation that it needed, and did use, said money to pay labor and material bills for labor and material furnished in the construction of said building and improvements and without requiring receipts or other evidence of payment; that such payments by Security Federal were unauthorized and did not constitute valid payments from the funds so held by the said Security Federal in trust and that respondents are estopped as against the complainant, who claims that such payments have been made, and are estopped as against the complainant to deny that there was a balance due the contractor on February 6, 1942, which would and should have been subject to a lien for materials.

5. That complainants on, to wit, the 6th day of February, 1942, gave notice in writing to the owners, Nick and Pauline Emanuel, that it claimed a lien on the building and improvements on said property and also filed on that date its duly verified claim to a lien on said building and improvements in the probate court of Mobile County, Alabama.

The bill prayed for a decree declaring that the respondents were estopped as against the complainant from claiming that the payments were made as alleged in the bill and estopped to deny that the amounts so paid were not in the hands of Security Federal as part of the unpaid balance due the contractor at the time the said notice was given to the owner and prayed that the amounts improperly paid out as alleged in the bill be taken and treated as if they constituted a portion of the unpaid balance due the contractor and that the court decree the amount thereof. The bill further prays that the court decree that the complainant has a lien on the building and improvements on the lot, to the extent of complainant's claim or to the extent of the unpaid balance which respondent, Security Federal, should have on hand and that it be declared that the said lien of complainant is prior to the lien of the mortgage executed by Nick and Pauline Emanuel to Security Federal and that the lien be foreclosed and the building and improvements sold to satisfy the same.

In the alternative, the bill prays that if the complainant is not entitled to the relief sought as above indicated, that the court decree that it is equitably entitled to the equity of the mortgage held by Security Federal to the extent of its unpaid claim for material furnished by it and used in the building and improvements constructed on said lot; that complainant is entitled to payment of the amount of its claim in preference to Security Federal; that Security Federal be enjoined from negotiating the notes evidencing the indebtedness secured by said mortgage; that it be decreed that the amount of complainant's claim be paid by Nick and Pauline Emanuel at the maturity of said mortgage to complainant and credited and treated as payment on account of the said mortgage.

The demurrer interposed by the appellants contained, among other grounds, the following:

1. That there was no equity in the bill.

2. That the contractor was a necessary party respondent.

3. That the facts alleged do not show that appellee filed in the office of the probate judge for Mobile County, Alabama, the verified statement in writing required by Title 33, Section 41, of the 1940 Code of Alabama, within four months after the last item of materials had been furnished by it for the building and improvements, nor show the date of maturity of the indebtedness due the appellee.

Appellee, in brief filed in this court, in effect admits that if the bill of complaint had sought to establish and enforce a statutory materialman's lien that it would have been subject to demurrer on one or more of the grounds included in the demurrer filed by the appellants. Under the decisions of this court, the bill of complaint was not sufficient to enforce a statutory materialman's lien. The point was raised by the demurrer that the contractor was not made a party respondent. Under the express language of Sections 56 and 57, Title 33, Code of 1940, it is necessary that the contractor be made a party defendant in a suit brought to enforce a statutory lien by a materialman who has furnished materials to a contractor. Sanitary Plumbing Company v. Simpson et al., 200 Ala. 590, 76 So. 948. If the bill was one to enforce a statutory materialman's lien it was also subject to demurrer on the ground that it does not allege that the statement required by Section 41, Title 33, Code of 1940, was filed in the office of the judge of probate of Mobile County within the time prescribed. Section 42 Title 33, Code of 1940; Cook v. Rome Brick Company, 98 Ala. 409, 12 So. 918; Robinson v. Crotwell Bros. Lumber Company, 167 Ala. 566, 52 So. 733.

Appellee contends that the purpose of the bill was not to enforce a statutory materialman's lien, but rather to enforce an equitable lien based upon fundamental principles of equity, and arising from considerations of right and justice as applied to the relationship of the parties and circumstances of their dealings.

As before pointed out, we are not here concerned with complainant's rights as against the respondent Security Federal, nor any right of complainant to subrogation to the mortgage lien held by Security Federal against the property of appellees,

since it did not appeal from the decree of the lower court overruling its demurrer.

In view of appellee's admission that the bill is inefficacious as a statutory bill to enforce a materialman's lien, we have only to deal with the contention that the allegations of the bill show that appellee has an equitable lien based upon fundamental principles of equity, arising from considerations of right and justice as applied to the relationship of the parties and the circumstances of their dealings.

It has long been recognized that a materialman's lien is of peculiar statutory creation, and as said in Copeland v. Kehoe & Ramsey, 67 Ala. 594, it is "founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides."

In Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68, 70 it was said: "The lien the materialman or mechanic acquires is by virtue of the statutes only, and the requirements of the statutes as to acquiring and enforcing it must be pursued, else it is lost or does not exist. The lien is neither property nor is it a right in or to the property; it is neither a jus in re nor a jus ad rem. It is simply a right to charge the property which it affects with the payment of a particular debt."

Mechanics' liens were not recognized by the common law and the rule seems to be uniform in all of our cases as well as those of other jurisdictions that a mechanic's or materialman's lien is not allowable in equity independently of statute and where such statutory authority is relied upon there must be a strict compliance therewith. Chandler v. Hanna, 73 Ala. 390; Ex parte Schmidt 62 Ala. 252; Crawford v. Sterling, 155 Ala. 511, 46 So. 849; Gilbert v. Talledega Hardware Co., 195 Ala. 474, 70 So. 660; First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433; Snellings Lumber Co. v. Porter, 225 Ala. 164, 142 So. 560; Dean & Hancock et al. v. O'Bryan, Mo.App., 290 S.W. 641; Fredericks Lumber Co. v. Evans, 266 Mich. 486, 254 N.W. 176; Cheff et al. v. Haan et al., 269 Mich. 593, 257 N.W. 894; North Side Sash & Door Co. v. Hecht, 295 Ill. 515, 129 N.E. 273; Turnes v. Brenckle, 249 Ill. 394, 94 N.E. 495; Morrison et al. v. State Trust Co., Tex.Civ.App., 274 S.W. 341.

In 40 C.J. 42 it is said: "Except in a few jurisdictions where it is created by constitutional provision, a mechanic's lien is purely a creature of statute, it not being recognized at common law or allowed in equity, independently of statute."

The scope, nature and character of mechanics' liens is discussed in Section 2 of Rockel's work on that subject, wherein it is said: "While the lien is created by statute it has become so fixed in our jurisprudence as to have a nomenclature of its own and the term 'Mechanics Liens' may be said to be a generic name for all liens on real estate in favor of persons furnishing labor or materials in or for the erection of buildings or making improvements on real estate. It rests entirely upon the statute of the state in which the real estate is located and such statute will govern and control what may be included in its terms. The lien itself may be defined to be a right granted by statutory enactment to persons furnishing labor or materials for the erection of buildings or making improvements on real estate to have such real estate and the buildings thereon sold and the proceeds applied in payment for such labor or materials. It is not a general lien. It has a nature peculiar to itself of an equitable character, and is said to rest upon the broad ground of natural equity and commercial necessity. While it may rest largely upon an equitable basis yet without a statute the broad principles of equity would not reach it."

We have given careful consideration to the cases cited in brief of appellee but are of the opinion that none of them support appellee's contention. They all relate to the general subject of Equitable Liens, but none, hold that a materialman who has furnished materials to a contractor may enforce a lien in equity against the property of the owner independently of a statute so authorizing. The position which appellee takes here is in effect that a materialman who has supplied a contractor with material may ignore the procedure prescribed by the statutes of this state for the enforcement of his lien and proceed in equity independently of statute. We cannot agree to this contention.

We are of the opinion that appellee does not have an equitable lien on the

buildings and improvements constructed on the property of the appellants. The appellee could have received the benefit of the statutes of this state relating to a materialman's lien, Code 1940, Tit. 33, § 37 et seq., if it had complied with their requirements, but the allegations of the bill do not show that the terms of the statute have been met. The demurrer of appellants should have been sustained.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.