18 So.2d 75

**BUETTNER BROS. v. GOOD HOPE MIS-
SIONARY BAPTIST CHURCH et al.**

6 Div. 214.

Supreme Court of Alabama.

May 18, 1944.

W. Marvin Scott, of Cullman, for appellant.

556

St. John & St. John, of Cullman, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to the bill of complaint, as last amended. Ob-

viously, in such a situation we shall only consider the allegations of the bill as last amended and the demurrer assigned thereto.

The purpose of the suit is to recover from the Good Hope Missionary Baptist Church and the various other respondents the price of building materials, furnished by Buettner Brothers, a partnership, which went into and was used in the construction of the church building of the Good Hope Missionary Baptist Church. Allegations of the bill show that the materials were furnished by the complainants, were used in the construction of the church building, and that there is an unpaid balance of the price, amounting to $723.74, with interest. Allegations further show that in December, 1941, the church entered into a written contract with one J. E. Condra to erect the church building in accordance with agreed plans and specifications at a price of $6,335, J. E. Condra to furnish material and labor, the work to be completed in a first-class workmanlike manner and turned over to the church "broom clean and ready to occupy." Averments of the bill further show that complainants were ignorant of this contract when they furnished the materials. According to the bill, claim was duly filed in the probate court. There is no allegation in the bill that prior to furnishing the materials complainants gave written notice that such materials would be furnished. No recovery is sought against J. E. Condra. (Report of the case will set out paragraphs 3A, 6A, omitting Exhibit B attached thereto, 8 and 9 of the bill, as last amended.)

Analysis of the bill, as last amended, shows that recovery for the price of the materials is sought on a number of theories, which constitute separate phases of the bill, as last amended. These aspects may be stated as follows: (1) Recovery by establishment of a statutory lien on the church property, plus a personal decree against the respondents, on the basis of a contract between complainants and the respondents. (2) Recovery by establishment of a statutory lien on the church property, plus a personal decree against the owner and certain others named in paragraph 6A, on the basis of a contract between complainants on the one hand and on the other hand the owner and the others, the owner and the others being engaged in a joint enterprise. (3) Recovery against the owner and the other respondents to the bill, as last amended, by the establishment of a lien on the church property, plus a personal decree against the respondents, the right to both lien and personal decree being based on fraud, misrepresentation and equitable estoppel. (4) Recovery from the respondents other than the owner by a personal decree against such respondents on the theory that they are trustees of a trust in invitum and also the application of the principle of equitable estoppel.

The lien sought to be established in phases 1 and 2 of the bill as last amended "is a creation of law and not of contract" and the lien must be perfected by compliance with statutory requirements. Crawford v. Sterling, 155 Ala. 511, 46 So. 849; Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492; § 37 et seq., Title 33, Code of 1940. Furthermore "a valid contract of purchase is the prerequisite, and the materialman must establish the same with the owner or proprietor, or his agent, as those terms are employed in the statute." Sturdavant v. First Avenue Coal & Lumber Co., 219 Ala. 303, 122 So. 178, 179. With reference to the contractual prerequisite, two bases of liability are provided by the statute, "One, that written notice had been given, followed by mere silence of the owner (we think that this would create an implied contrac., assuming that the materials were furnished); the other, a positive assent constituting the owner the purchaser of the material" (an express contract). Avondale Lumber Co. v. Hudson, 214 Ala. 128, 106 So. 803, 804.

Paragraph 3A alleges that "during the month of January 1942 complainants entered into an agreement with respondents in and by which agreement complainants agreed to furnish certain building material to be used in and as a part of the construction of a building on the hereinafter described property." We consider this allegation, as against the demurrer, sufficient to show a contract. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. The equity of phase 1, of which this paragraph is a part, is essentially the establishment of the statutory lien. Gorr Lumber Co. v. McMillan et al., 225 Ala. 303, 143 So. 173; § 48, Title 33, Code of 1940. And it is no objection if others who made the contract along with the owner, are also made parties. Morris v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528.

The allegations of payment set forth in paragraph 3A, we regard as surplusage, being evidentiary matter (49 C. J., § 84, p. 87) and not within themselves as constituting allegations that such a contract was made. There is nothing to show that these payments were made by the church or by one authorized to act for the church. First Colored Cumberland Presbyterian Church et al. v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602. Ordinarily, surplusage does not render a pleading subject to demurrer. 49 C.J. p. 86. Phase 1 of the bill is good as against the demurrer.

Paragraph 6A alleges "that the credit and contract or agreement to furnish material and supplies was made between complainants and the respondents, Good Hope Missionary Baptist Church, and D. H. Hathcock, Wallace Hathcock, M. H. Hays, J. R. Scott, all members of said church, W. F. Robinson, a member and trustee of said church, and J. E. Condra, who was working on said church, received said material and supplies and built it into said church building and that said supplies were furnished direct to the owner of said property and the credit was extended to the owner of said property and the owner of the property, therefore, had notice of such credit." Allegations substantially similar to the foregoing allegations of this paragraph have been upheld by this court.

"The averments of the bill, 'that respondents, G. W. Smith and Gillie Gilbreath, under contract or agreement between these respondents constructed or erected the building and improvements on the above described property as a joint enterprise in and as a part of which said materials furnished by complainants were incorporated or used; * * * that the agreement or terms of the contract between respondents is unknown to * * * complainant; * * * that the credit and contract or agreement to furnish material and supplies was made between complainants and the respondents, G. W. Smith and Gillie Gilbreath, and that the materials and supplies were furnished direct to the owner of said property, and the credit was extended to the owner of said property and the owner of said property, therefore, had notice of the extension of such credit,' shows a joint interest as to the materials furnished and used in the improvements made on the property; the contract for same being executed by co-operation of the respondents Smith and Gilbreath for Gilbreath, the owner of the property." Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266, 267.

The contract between the church, party of the first part, and J. E. Condra, party of the second part, is attached as Exhibit "B" to bill, as last amended. It shows that it was executed in the name and behalf of the church by certain named individuals. We do not consider the allegations of this paragraph to mean that those who executed the contract for the church executed the same in their individual capacity.

We think that the allegations of paragraph 6A sufficiently show a contract between the complainants and the church and others.

We also point out that the allegations of purchase and payment by Paul R. Knight and the allegations of payment by check signed Good Hope Church by Wallace Hathcock do not, within themselves, show a contract between the church and complainants or a ratification equivalent thereto. First Colored Cumberland Presbyterian Church et al. v. W. D. Wood Lumber Co., supra; Blount v. Sixteenth St. Baptist Church, supra. See also 49 C.J. p. 486, cited supra.

Phase 2 of the bill is good as against demurrer.—Authorities, supra.

It is obvious that the allegations of paragraph 8 fail to show a contract between complainants and the owner of the property or the giving of the statutory notice to the owner of the property before the materials were furnished. Construing the pleadings against the pleader, the allegations are not sufficient to show that the purchase of the materials and the obligation to pay for the same, was ratified by the church or by anyone acting for it within the scope of his authority. First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co., supra; Blount v. Sixteenth St. Baptist Church, supra. As pointed out, the lien provided by the statute can only be established by compliance with the mandate of the statute, which requires, as a prerequisite, either a contract, as provided by the statute, or the statutory notice, without objection, as provided by the statute. Authorities, supra. General equitable principles cannot be made the basis of a lien in favor of a materialman.

"Appellee contends that the purpose of the bill was not to enforce a statutory materialman's lien, but rather to enforce an equitable lien based upon fundamental principles of equity, and arising from considerations of right and justice as applied to the relationship of the parties and circumstances of their dealings. * * *

"Mechanics' liens were not recognized by the common law and the rule seems to be uniform in all of our cases as well as those of other jurisdictions that a mechanic's or materialman's lien is not allowable in equity independently of statute and where such statutory authority is relied upon there must be a strict compliance therewith. * * *

"The position which appellee takes here is in effect that the materialman who has supplied a contractor with material may ignore the procedure prescribed by the statutes of this state for the enforcement of his lien and proceed in equity independently of statute. We cannot agree to this contention." Emanuel et al. v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151, 154, 155.

See also Security Federal Savings & Loan Ass'n v. Underwood Coal & Supply Co., ante, p. 56, 16 So.2d 100.

What we have said sufficiently disposes of phase 3 of the bill as last amended, and so it becomes unnecessary to consider other grounds of attack on this phase of the bill, as last amended. We consider that phase 3 of the bill, as last amended, was subject to demurrer.

The allegations of paragraph 9 attempt to make a case without alleging a contract between the parties or averring the statutory notice. Here again is an effort to obtain equitable jurisdiction without establishment of a statutory lien, and as we have seen, a materialman cannot establish a lien upon the basis of equitable estoppel or other general equitable principles. —Authorities, supra. Nor can the individuals named in paragraph 9 be regarded as trustees of a trust in invitum. The materials were sold to the church. The church or its trustees has the legal title thereto. So it cannot be said that those individuals hold title to the materials for the benefit of complainants. Sanford v. Hamner, 115 Ala. 406, 414, 22 So. 117. Besides, the constituent facts of the alleged fraud are not shown. Paragraph 9 is faulty in this respect. Noel v. Noel, 225

Ala. 302, 143 So. 469; Harris v. Nichols, 223 Ala. 58, 134 So. 798. The demurrer was properly sustained to phase 4 of the bill as last amended. The allegations of phase 4 show no ground for equity jurisdiction. If these named respondents have injured complainants through fraud or misrepresentation, there is a plain and adequate remedy at law.

Although aspects 1 and 2 of the bill, as last amended, are good, aspects 3 and 4 are faulty.

The decree of the lower court sustaining the demurrer was general, not stating the particular grounds which were sustained. We will refer the decree to such grounds as were well taken. Baker v. Graves et al., 101 Ala. 247, 250, 13 So. 275. Accordingly, the decree of the lower court is affirmed. Since the time allowed by the lower court for amendment has expired, the lower court will grant such additional time for amendment as it may deem proper.

Affirmed.

GARDNER, C. J., and THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.