84 So.2d 763

**Evon E. BREWTON et al.**

v.

**L. F. SESSIONS.**

4 Div. 853.

Supreme Court of Alabama.

Nov. 10, 1955.

Rehearing Denied Feb. 2, 1956.

R. Clayton Wiggins Dothan, for appellants.

Chas. O. Stokes, Ozark, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the Circuit Court of Dale County, in Equity, which denied to appellants (complainants below) the establishment of a statutory materialman's lien on a certain lot and the building thereon. The bill, as originally filed, included several parties respondent but it is only from the decree relating to the appellee, L. F. Sessions, that this appeal is prosecuted.

■ The first contention made by the appellants is that the trial judge erred in rendering a final decree, since no note of submission was filed in compliance with Equity Rule 57, Code of Ala. 1940, Title 7, Appendix. That rule as pertinent here, reads:

" A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the Court. But it is not necessary to note any testimony given orally before the judge in open court under Rule 56".

The testimony in this cause was given orally before the Court; thus, there is no merit in this contention. See Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262; George v. George, 255 Ala. 190, 50 So.2d 744; White v. White, 246 Ala. 507, 21 So.2d 436.

■ It is next urged that there was error in the decree in that it was held that the property involved was not subject to a statutory lien in favor of appellants. Our cases are uniform in holding that a mechanic's or materialman's lien is not allowable in equity independently of statute and where such statutory authority is relied upon, there must be strict compliance therewith. Emanuel v. Underwood Coal & Supply, 244 Ala. 436, 14 So.2d 151; Lindsey v.

Rogers, 260 Ala. 231, 69 So.2d 445, 447 and authorities therein cited.

 The statute under which appellants seek to establish their lien is Title 33, § 37, Code of 1940. As stated in Lindsey v. Rogers, supra:

"In other words the lien must be perfected by compliance with statutory requirements and it is an essential statutory requirement that there be a valid contract of purchase between the materialman and the owner of the property. This may arise either by virtue of a positive agreement between the materialman and the owner of the property or where the statutory notice has been given by the materialman to the owner prior to the furnishing of the materials that the materialman will look to the owner for payment for the materials. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75, 76."

Here it is undisputed that no notice was given by the appellants to the owner of the property on which the materials furnished were allegedly used. Thus, if appellants have a lien, it must arise "by virtue of a positive agreement between the materialman and the owner of the property"; Lindsey v. Rogers, supra. We are unable to find any proof of such an agreement. There is no question of "any unpaid balance due the contractor by the owner" in the instant case.

 We agree with the trial judge who wrote in his final decree:

"The Court is convinced from the testimony in this case that W. W. Edwards, one of the original parties respondent against whom the complainants have heretofore been granted a moneyed decree, purchased the concrete blocks in question from the complainants, and that, prior to the rendition of the money decree against him, had breached his agreement and had failed to pay complainants therefor, but the Court is further convinced from the testimony that the complainants

have failed to carry the burden of proving all facts essential to the existence and enforcement of the lien sought in the prayer of the bill against the lot and building thereon described in said bill of complaint. Regardless of the justness of complainants' account against W. W. Edwards, the proof on which they rely in this cause, is insufficient to show that they are entitled to the establishment and enforcement of a materialman's lien against the property in question, the title to which it is undisputed, is in L. F. Sessions."

Having determined that no statutory lien exists in favor of appellants, we pretermit consideration of the other contention which, in the absence of a finding that a lien exists, is without merit.

The decree of the lower court should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.