130 So.2d 183

Clyde McCLESKEY and Henry McCleskey, d/b/a McCleskey Hardware and Building Supply Company,

v.

Mary Nelle FINNEY et al.

7 Div. 535.

Supreme Court of Alabama.

May 18, 1961.

Inzer, Martin, Suttle & Inzer, Gadsden, for appellees.

T. J. Carnes, Albertville, and Barnes & Smith, Gadsden, for appellants.

MERRILL, Justice.

Appellants filed a bill in equity to enforce a materialman's lien on a house and lot in

Gadsden. The respondents, appellees, are the owners and the contractor. A demurrer was filed and was overruled as to most aspects, but was sustained as to one aspect. Appellants appealed from the decree sustaining the demurrer to one aspect of the bill.

The trial court sustained the demurrer to that aspect of the bill "seeking to impose a lien on the unpaid balance due the contractor by owners for materials furnished contractor prior to January 6, 1959." The court stated this action was due to appellants' failure to comply with Tit. 33, § 46, Code 1940, which reads:

"Every person, except the original contractor, who may wish to avail himself of the provisions of this article, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner or proprietor, or his agent, that he claims a lien on such building or improvement, setting forth the amount thereof, for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner or proprietor shall be held subject to such lien. But the provisions of this section shall not apply to the case of any material furnished for such building or improvement, of which the owner was notified in advance as provided in section 37 of this title."

Itemizing the things to be done before the filing of the statement in the office of the judge of probate, every person, except the original contractor, must: (1) give notice in writing to the owner or proprietor that he claims a lien on such building or improvement; (2) "such building or improvement" should be described or identified; (3) the notice must set forth the amount of the claim; (4) for what the account was incurred, and (5) from whom the amount is owing.

■■ The bill here alleges two notices, one given December 3, 1958, the other January 6, 1959. The December notice was defective in that it is not alleged that the notice disclosed the appellants' intent to claim a lien on the building or improvement as required by Tit. 46, § 33. The notice was also defective because it is not alleged that the description or identification of the building or improvement was given in the notice. Until the notice prescribed by the statute is given, the lien given to materialmen remains inchoate or potential. LeGrand v. Hubbard, 216 Ala. 164, 112 So. 826.

The January notice was made an exhibit to the bill. Omitting the signature, it reads:

"To Miss Nell Finney and Mr. D. C. Finney, owners or proprietors:

"Take notice, that the undersigned is about to furnish, has furnished, and will furnish R. D. Stancell, your contractor or subcontractor, certain material for the construction, or for the repairing, altering, or beautifying of a building or buildings, or improvement or improvements, on the following described property:

"A house and lot located on 10th and Chestnut Street, Gadsden, Alabama, and there will become due to the undersigned on account thereof the price of said material, for the payment of which the undersigned will claim a lien."

■ The use of the words "has furnished" is sufficient to comply with § 37 of Tit. 33. But it is insufficient to meet the provisions of § 46 in that the notice does not state the amount of the claim for materials previously furnished the contractor. In Trammell v. Hudmon, 86 Ala. 472, 6 So. 4, 6, we held that the notice, given under the predecessor of § 46, failed to state "for what and from whom" the amount claimed "is owing," and was not effective for such omission. It is just as necessary to state the amount of the claim as it is to state the "for what and from whom" the amount is claimed.

Our cases are uniform in holding that a mechanic's or materialman's lien is not allowable in equity independently of statute, and where such statutory authority is relied upon, there must be strict compliance therewith. Brewton v. Sessions, 264 Ala. 123, 84 So.2d 763; Lindsey v. Rogers, 260 Ala. 231, 69 So.2d 445.

It has been held that compliance with Tit. 33, § 46, Code 1940, is imperative and mandatory. Gray v. McKinley, 34 Ala. App. 630, 43 So.2d 421, certiorari denied 253 Ala. 199, 43 So.2d 424. The statute was not complied with in the giving of either notice.

Appellants contend that the December notice together with the January notice "constitute full, complete and literal compliance with the requirements of Section 46," that every element of the statute is found in these two notices, and they should be considered together. No authority is cited in support of the contention, and there is authority to the contrary.

Where a lien claimant, not in privity with the owner, serves upon the owner two separate and unrelated notices claiming a lien for the same amount, each notice being independent of, and without reference to, the other, the two notices cannot be considered together for the purpose of determining the sufficiency of notice, but each notice must stand on its own merits. And the lien will not exist unless one of the notices is sufficient in itself. Harper Lumber & Mfg. Co. v. Teate, 98 Fla. 1055, 125 So. 21; 57 C.J.S. Mechanics' Liens § 126, p. 633.

Since neither notice was complete, the trial court correctly sustained the demurrer to that aspect of the bill seeking a lien for materials furnished prior to January 6, 1959.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.