245 So.2d 185

**SOUTHERN SASH OF HUNTSVILLE,
INC., a Corporation,**

v.

**Fletcher JONES, et al.**

**8 Div. 389.**

Supreme Court of Alabama.

Feb. 18, 1971.

Smith, Johnston, Walker & Morris,
Huntsville, for appellant.

Watts, Salmon, Roberts & Stephens and
Paul L. Millirons, Huntsville, for appellees,
Clyde M. Handley, Marie M. Handley, and
Murphree Mortgage Company.

F. Raymond Ingram, Birimingham, for
appellee, Fletcher Jones.

**BLOODWORTH, Justice.**

This is an appeal from a final decree of the Madison County Circuit Court, in Equity, denying Southern Sash's claims to liens for materials in five separate suits. The cases were tried together by agreement and a final decree rendered. Five separate appeals were taken and these were consolidated on our order. The property involved consists of five lots in Ortega Heights subdivision, Madison County, Alabama.

The principal assignment of error which Southern Sash advances for reversal is that the trial court erred in finding that its liens had not been established, this finding being contrary to the great weight of the evidence. Also assigned as error is the trial court's action in denying Southern Sash's motion for a continuance and in setting the case for hearing on the merits before the pleadings had been settled. After a careful consideration of the case, we have concluded that Southern Sash's contentions are without merit and that the decree should be affirmed.

Much of the testimony presented before the trial court was disputed and conflicting. However, the tendencies of the evidence are to the effect that Southern Sash agreed to provide Associated Builders (a corporation) with building materials to be used in constructing houses on the five lots in question, owned by respondents Clyde Handley and Fletcher Jones. Further, the evidence showed that Southern Sash did provide building materials to Associated Builders for the five houses but was unable to obtain payment from it. Apparently, there was no balance due to Associated Builders from respondents. Nevertheless, Southern Sash contends that it is entitled to a materialman's lien on the five tracts on a theory of joint venture or ratification.

We look to Title 33, § 37, et seq., Code of Alabama 1940 (Recompiled 1958), to see the manner in which a materialman's lien may be created. In interpreting these sections (and in particular to fix a lien in favor of the materialman when there is no balance due the contractor), this court stated in Lindsey v. Rogers, 260 Ala. 231, 234, 69 So.2d 445, 447 (1953):

"* * * [I]t is an essential statutory requirement that there be a valid contract of purchase between the materialman and the owner of the property. This may arise either by virtue of *a positive agreement between the materialman and the owner* of the property *or* where *the statutory notice has been given* by the materialman to the owner prior to the furnishing of the materials that the materialman will look to the owner for payment for the materials. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75, 76." [Emphasis supplied]

The respondents, Handley and Jones, contend that there was no valid contract of purchase between the materialman Southern Sash and themselves under either of the two alternatives provided for by the statute. They argue that the houses were built for them pursuant to a construction contract between Associated Builders and themselves. Associated Builders is characterized as a general contractor. Respondents Handley and Jones contend that since

they were not parties to the original agreement to purchase materials (between Associated Builders and Southern Sash) and since there is no balance due the contractor, no lien was established.

It is Southern Sash's contention that Associated Builders was not a general contractor but was engaged in a joint venture with Handley and Jones to build the houses. It maintains it contracted with Associated Builders and respondents Handley and Jones. Alternatively, it is claimed that if a joint venture did not exist, Handley and Jones subsequently ratified the agreement between Southern Sash and Associated Builders thereby obligating themselves to pay for the materials furnished to Associated Builders.

The trial court resolved these disputed issues in favor of the respondents and held, inter alia, that written notice had not been given by Southern Sash to Handley and Jones as specified by Title 33, § 37, supra, nor were Handley and Jones parties to the original agreement between Southern Sash and Associated Builders to furnish materials. Consequently, the trial court denied Southern Sash's claim to liens on the five lots.

▇▇▇▇ One of our well-settled rules is that the findings of the trial court, after hearing the evidence orally, in equity, has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably wrong. King v. King, 269 Ala. 468, 114 So.2d 145 (1959); Brantley v. Hall, 286 Ala. 400, 240 So.2d 364 (1970). After a careful review of the evidence we cannot say that the trial court's finding that the materialman is not entitled to any lien on any of the properties in question is plainly and palpably wrong. Neither are we convinced there is any merit in the argument that the decree is contrary to the great weight of the evidence.

▇▇▇▇ Likewise, we do not find any reversible error in the contention that the trial court erred in denying Southern Sash's motion for continuance and in granting respondents' motion to set the case for hearing on the merits before the pleadings were settled. Appellant cites to us no authority to the contrary. These are matters largely within the discretion of the trial judge and will not be disturbed on appeal except for gross abuse of that discretion. Thompson v. Odom, 279 Ala. 211, 220, 184 So.2d 120 (1966); Taylor v. Hoffman, 231 Ala. 39, 41, 163 So. 339 (1935). Upon a review of the record, we find no gross abuse of the trial court's discretion in this case. (See also May v. Robinson, 223 Ala. 442, 136 So. 734 (1931), holding amending party not entitled to continuance as a matter of right.) We might add that notwithstanding the court set this case down for final hearing before demurrers were ruled on, the court overruled the demurrers on the day of the trial before any evidence was taken. These respondents then answered the amended bill. The cause was therefore at issue before any evidence was presented. We can see no reversible error in this respect. See Supreme Court Rule 45, Rules of the Supreme Court, 279 Ala. XXI, XLI.

Affirmed.

SIMPSON, COLEMAN, HARWOOD and McCALL, JJ., concur.