269 So.2d 107

**HARRIS PAINT COMPANY, a Subsidiary of Grow Chemical, a corporation**

**v.**

**Harold W. RIPPS, Individually and as Co-partner d/b/a Mayfair Construction Company, etc., et al.**

**SC 39.**

Supreme Court of Alabama.

Nov. 16, 1972.

Sirote, Permutt, Friend & Friedman and William G. West, Jr., Birmingham, for appellees.

Michael J. Salmon, Mobile, for appellant.

SOMERVILLE, Justice.

This appeal is brought by complainant below, Harris Paint Company, from a final decree of the Circuit Court of Jefferson County, Alabama, in Equity, in favor of respondents Harold Ripps, Herbert Meisler and Fannie Meisler, individually and as co-partners doing business as Mayfair Construction Company. Appellant brought its bill under the Mechanics' and Material-men's Lien Law of Alabama[1] seeking a decree against the respondents for the balance due on the contract price for painting materials and supplies furnished by it and used in the construction of the Valley Ridge Apartments on realty owned by the above named respondents and seeking the declaration of a lien on said property in its favor. The bill also joined the respondent Marvin Hicks, the painting contractor employed by Mayfair for the Valley Ridge job, and to whom appellant furnished the painting materials and supplies. Respondent Hicks did not defend the suit, and judgment for the full amount claimed was entered against him. He is not a party to this appeal.

Appellees strongly contend that this appeal should be dismissed, or the judgment below affirmed, on the ground that the appellant has failed to comply with the Revised Rules of Practice of this court.

Appellant assigned sixteen grounds of error. No reference is made to some of them in appellant's original brief. While we do not feel justified in dismissing the appeal in this instance for technical violations, we are constrained to recognize and follow our well established rule that where no reference is made in appellant's brief to the assignments of error listed in the transcript, the brief is insufficient to justify our consideration of the assignments. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600; Adrian v. Lockridge, 285 Ala. 222, 231 So.2d 95. Such being true, the only possible construction we can apply to appellant's brief is that it was designed to support those assignments of error which take the point that the evidence was insufficient to support the rulings and findings of the trial court and therefore, the court below erred in rendering a decree in favor of the appellees and in denying appellant's request for a rehearing.

We have said before that where a decree in equity is rendered on evidence taken ore tenus, or partly so, and the trial judge had the opportunity to observe and hear the witnesses, this court will not disturb his final determination unless it is clearly and palpably contrary to the great weight of the evidence. Simon v. Snyder, 279 Ala. 70, 181 So.2d 885; Albright Equipment Company v. Waddell, 284 Ala. 329, 224 So.2d 878; Lott v. Keith, 286 Ala. 431, 241 So.2d 104.

1. Title 33, § 37 et seq., Code of Alabama 1940 (Recompiled 1958).

In the present case the chancellor observed and heard the witnesses presented at trial. Even though much of the testimony was by deposition, we cannot find from our review of the record wherein the trial court was plainly in error in its findings of fact or conclusions of law.

■ Among other matters the trial court found that the "Notice to Owner" sent by the appellant to Mayfair as required by Title 33, § 37 failed to meet the minimum requirements of that statute and we agree with that conclusion. The appellant used a printed form of notice set forth in the footnote below.[2] This form was obviously designed to meet the requirements of the Florida Code. Our cases have held that any such notice to have legal effect must be in substantial compliance with the provisions of Title 33, § 37. Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660; Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492; Mazel v. Bain, 272 Ala. 640, 133 So.2d 44. The Florida form used by appellant does not contain the information required by § 37 and is not in substantial compliance with it.

Because we do not find that the trial court committed reversible error the decree below is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.

2. " 'NOTICE TO OWNER          Date June 11, 1969
" 'To: Mayfair Construction Company
" 'Address: 3436 Old Montgomery Hwy., Mobile Alabama
" 'The undersigned hereby informs you that he has furnished, or is furnishing services or materials as follows:
" 'Painting Materials for the improvement of the real property identified as (Describe real property sufficiently for identification, including street and number if known)
" 'Valley Ridge Apartments, Valley Rod. [sic], Birmingham, Alabama
" 'under an order given by Marvin Hicks, 124 W. Petain Street, Prichard, Alabama. Florida law prescribes, the serving of this notice and restricts your right to make payments under your contract in accordance with section 84.061, Florida Statutes.
" 'HARRIS PAINT CO., P. O. Box 1381, Tampa, Fl. 33601, by Murray N. Smith.
" 'Copies to Marvin Hicks, Mobile Store, Ted Hill.' "