This is an appeal from the denial of judgment for Abell-Howe Company (hereinafter Abell-Howe) under the materialman's lien law, §§ 35-11-210 and 35-11-218, Code of Ala. 1975, and the granting of judgment for Vulcan Metal Products Company, Inc. (hereinafter Vulcan Metal) on its malicious prosecution action.)
We affirm the trial court's denial of judgment for Abell-Howe on the lien claim and reverse its judgment for Vulcan Metal on the malicious prosecution claim.
Viewing the record with all due presumptions, the following is revealed: Abell-Howe instituted its action to enforce a materialman's lien against the defendants, The Industrial Development Board of The City of Irondale (hereinafter the Board) and Vulcan Metal.
Prior to the institution of this action, Vulcan Metal owned several adjacent parcels of land at the same address. Vulcan Metal later conveyed one parcel to the Board, which promptly leased it back to Vulcan Metal, with an option to buy for a nominal fee at the end of the lease.
R G Engineering Company (hereinafter R G), which is not a party to this action, contracted with the Board to provide the Board with four jib cranes, which were to be attached to a concrete foundation or a concrete column. R G then contracted with Abell-Howe to provide the cranes. R G requested that Abell-Howe deliver the cranes to the Board in care of Vulcan Metal at the street address of Vulcan Metal.
Abell-Howe delivered the cranes, but R G went bankrupt before paying for them. *Page 223 
There was evidence introduced at trial that the Board had paid R G for the cranes before R G went bankrupt.
In an attempt to recover payment for the cranes, counsel for Abell-Howe began proceedings to establish a materialman's lien under § 35-11-210 of the Code.
The lien created by the statute attaches to the land to which the materials are affixed. Abell-Howe was unable to determine whether the cranes had been attached to the property owned by the Board or that owned by Vulcan Metal. Abell-Howe therefore notified both the Board and Vulcan Metal of its intention to claim a lien on the property to which the cranes had been affixed. In reply, Vulcan Metal denied that Vulcan Metal was indebted to Abell-Howe and refused to inform Abell-Howe whether the cranes had been attached to Vulcan Metal's property.
In order to protect the rights granted it by the materialman's lien statute, Abell-Howe filed verified statements of lien as to both parcels of property. Abell-Howe then filed a complaint to enforce the liens. In its complaint, Abell-Howe noted that one parcel was owned by the Board and one was owned by Vulcan Metal but that Abell-Howe only claimed a lien on the property to which the cranes had been affixed.
Vulcan Metal filed a counterclaim, contending that the suit instituted by Abell-Howe constituted malicious prosecution. Vulcan Metal alleged that Abell-Howe was aware that the cranes had not been affixed to Vulcan Metal's property and that Vulcan Metal was not indebted to Abell-Howe. It was further alleged that Abell-Howe wrongfully and maliciously filed a lien on Vulcan Metal's property and that its reputation in the business community was damaged as a result of such action.
There are three issues on appeal. First, is property owned by an industrial development board subject to the establishment of a materialman's lien under § 35-11-210 of the Code of Alabama 1975? Second, did the trial court err as a matter of law in denying judgment for Abell-Howe on its materialman's lien claim? Third, did the trial court err as a matter of law in granting judgment for the defendants on their malicious prosecution claim?
The first issue on appeal is whether a materialman's lien may attach to property owned by an industrial development board.
Counsel for Abell-Howe contends such property is subject to the materialman's lien statute, § 35-11-210, Code of Ala. 1975. We agree.
It is a well established rule of law that a materialman's lien will not attach to the public property of a municipal corporation. Scruggs Echols v. Decatur, 155 Ala. 616,46 So. 989 (1908); Nunnally v. Dorand, 110 Ala. 539, 18 So. 5 (1895). However, an industrial development board organized pursuant to §§ 11-54-80 et seq., Code of Ala. 1975, is not a municipal corporation nor is it a subdivision or agency of a municipal corporation. Opinion of the Justices, 254 Ala. 506,49 So.2d 175 (1950). Further, an industrial development board is not the state, a county, or a subdivision or agency of either. Such a board is a separate and independent corporate entity. George A.Fuller Co., Inc. v. Vulcan Materials Co., S.E. Div., 293 Ala. 199, 301 So.2d 74 (1974); Opinion of the Justices, supra.
We also note an industrial development board under §11-54-87, Code of Ala. 1975, has the power to acquire, hold, and dispose of real property in its own name. Further, §11-54-94, Code of Ala. 1975, provides that upon the dissolution of an industrial development board, title to all property owned by the board shall vest in the municipality. Under these Code sections, title to industrial development board property is not in a municipal corporation. It is in the board, a distinct corporate entity.
In addition to the above, we note that it is the policy the Alabama legislature to provide some form of protection for materialmen. This policy is evidenced by the materialman's *Page 224 
lien statute, § 35-11-210, Code of Ala. 1975, and the public works bonding statute, § 39-1-1, Code of Ala. 1975.
As indicated above, a materialman's lien will not attach to property owned by the state, a county, or a municipal corporation. Scruggs Echols v. Decatur, supra; Nunnally v.Dorand, supra. Under the public works bonding statute, a contractor who is to perform work upon the property of the state, a county, or a municipal corporation must first execute a performance bond to insure the satisfaction of materialman's claims. § 39-1-1, Code of Ala. 1975. The performance bond serves as a substitute for the unavailable materialman's lien.Headley v. Housing Authority of Prattville, Ala. Civ.App.,347 So.2d 532 (1977).
In George A. Fuller Co., Inc. v. Vulcan Materials Co., S.E.Div., supra, the Supreme Court of Alabama, after finding industrial development boards to be separate and independent corporate entities, held the public works bonding statute to be inapplicable to contractors performing work on industrial development board property. Put another way, materialmen supplying goods to these contractors are not protected by the public works bonding statute.
If § 35-11-210 were held inapplicable to property owned by an industrial development board, materialmen furnishing material for improvements on board land would be denied the protection of both the public works bonding statute and the materialman's lien statute. We do not believe our supreme court intended this to be the result of its ruling in George A. Fuller Co., Inc. v.Vulcan Materials Co., S.E. Div., supra, nor do we feel such a holding would further our legislature's policy of protecting materialmen.
For the above indicated reasons, we find that the materialman's lien created by § 35-11-210 may attach to real property owned by an industrial development board.
The next issue is whether the trial court erred as a matter of law in denying judgment for Abell-Howe on its claim for a statutory lien under § 35-11-210.
The purpose of § 35-11-210 is to protect one who supplies labor or materials for any building or improvement on land when he does so at the request of a contractor or subcontractor, rather than the owner of land. To guarantee that the supplier is paid for his services or labor, this statute allows him to establish a lien on the improvements and the land.
Section 35-11-210 provides for two types of liens; (1) a lien for the full price of the materials furnished and (2) a lien for the amount of the unpaid balance due the contractor from the owner.
The full price lien can arise by virtue of either an express or implied contract between the supplier and the owner. Clearly, in this case there was no express contract between Abell-Howe and the Board.
For an implied contract to arise, the supplier must send written notice to the owner of the land prior to delivery of the materials that he plans to supply specified materials at specified prices. A lien will then arise as specified in the notice unless the owner objects. § 35-11-210, Code of Ala. 1975.
The notice requirement of § 35-11-210 was enacted for the protection of the owner. Covington Co. v. R.J. Allen Assoc.,462 F. Supp. 413 (M.D.Ala. 1977). It is designed to inform the owner that the claimant intends to place an encumbrance on the owner's land; the owner then has an opportunity to effect a settlement between himself, the contractor and the supplier prior to any such encumbrancing. Harper v. J C Trucking Excavating Co., Inc., Ala. Civ.App., 374 So.2d 886 (1978), writquashed, 374 So.2d 893 (Ala. 1979). Because the statute is in derogation of the common law, its requirements must be strictly complied with. McClesky v. Finney, 272 Ala. 194, 130 So.2d 183
(1961).
In the instant case the evidence supports a finding that Abell-Howe did not strictly comply with the notice requirement for a full price lien. In fact, Abell-Howe sent no notice to either defendant until long *Page 225 
after the cranes had been delivered. Regardless of whether the defendants had actual knowledge that the cranes supplied were in fact from Abell-Howe, the statutory notice requirements were not met. Consequently, the trial judge did not err in denying Abell-Howe's claim for a full price lien.
As for the unpaid balance[1] lien, which is also included in §35-11-210, a supplier who was not the original contractor, such as we have here, must give the owner notice of his intent to claim a lien on the owner's property before filing a verified statement claiming a lien. § 35-11-218, Code of Ala. 1975. Where there is no unpaid balance due or to become due to the contractor, no lien can attach. Baker Sand Gravel Co. v.Rogers Plumbing Heating Co., 228 Ala. 612, 154 So. 591
(1934).
In the instant case, there is evidence to support a finding that there was no unpaid balance due R G from the Board. Therefore, the trial judge did not err in denying Abell-Howe's claim for an unpaid balance lien.
The third and final issue on appeal is whether the trial judge erred as a matter of law in granting judgment for the defendants on the malicious prosecution claim.
As stated above, this suit arose from actions taken by Abell-Howe to obtain and enforce a lien on the property to which the Abell-Howe cranes had been affixed. Because Abell-Howe was unable to determine upon which parcel the cranes were attached, it filed verified statements of lien as to both the property owned by the Board and that owned by Vulcan Metal. An action was then filed to enforce the liens.
In response, Vulcan Metal counterclaimed, denying that it owed Abell-Howe and alleging that Abell-Howe's actions in seeking to obtain and enforce a lien on Vulcan Metal's property constituted malicious prosecution. Abell-Howe moved to dismiss the counterclaim on the ground that there had been no final determination in favor of Vulcan Metal on Abell-Howe's lien action. The trial court denied Abell-Howe's motion to dismiss. Both actions were then tried simultaneously.
Because termination of a prior proceeding in favor of the plaintiff in the malicious prosecution action is a prerequisite for recovery in that action, Wilson v. Brooks, Ala.,369 So.2d 1221 (1979), a claim for malicious prosecution may not be pursued as a counterclaim in the first proceeding. King v.Sikora, Ala., 368 So.2d 10 (1979).
Because of the trial court's failure to grant Abell-Howe's motion to dismiss the counterclaim, we have no alternative but to reverse that portion of the trial court's decree relating to the malicious prosecution counterclaim.
In view of the above, other issues raised by Abell-Howe relating to the malicious prosecution claim are pretermitted.
We therefore reverse and remand for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
In brief, in support of its application for rehearing, Vulcan Metal contends that this court incorrectly stated that the lien action and the malicious prosecution counterclaim were tried simultaneously. If "simultaneously" is taken to mean that evidence on both the lien claim and the counterclaim was introduced simultaneously, then this court, as charged, incorrectly stated the facts.
However, a hearing on both claims was held on March 24, 1980. As Vulcan Metal itself points out in its application for rehearing and as the record clearly reflects at pages 484-488, when Abell-Howe rested *Page 226 
its "lien action", Vulcan Metal, without the benefit of a final determination on the lien action, immediately presented evidence on its malicious prosecution counterclaim. Consequently, for the reason stated in our original opinion, the trial court erred to reversal.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] "Unpaid balance" means the unpaid balance which the owner of the land owes the original contractor; it does not mean the unpaid balance which the original contractor owes the subcontractor (or supplier). Nunnally v. Dorand, 110 Ala. 539,18 So. 5 (1895).