TORBERT, Chief Justice.
This case arises from the construction of a new church building for the First Assembly of God Church (Church) located in Oak Grove, Alabama, and the supplying of church pews and other items by Glenn and Eloise Kilgore, d/b/a Rainsville Church Pew Company (these parties will be referred to as Rainsville). The church pews were installed, but Rainsville was not paid. Having not been paid for the materials, Rainsville filed a materialman’s lien pursuant to Code 1975, § 35-11-210, on the Church’s property and instituted this action against the Church and National City Bank of Minneapolis, which owned the mortgage bond for construction of the building. The trial court heard the evidence without a jury and determined that Rainsville was not entitled to the lien on the Church’s property, and Rainsville appeals.
The evidence produced at trial developed the following facts. The First Assembly of God Church, Inc., was a non-profit corporation which entered into a construction contract with Burton Church Building Company (Burton) in June 1981. The Church entered into a Trust Indenture Mortgage with the National City Bank of Minneapolis to finance construction, and the mortgage was properly recorded on February 26, 1982. The construction contract with Burton provided that Burton would supply all the materials and labor necessary to complete the construction and included a clause providing that Burton would supply the church pews.
Sometime in early 1982, Jesse Henon, a sales representative of Rainsville, learned of the Church’s construction process through a friend who was a member of the congregation. Through the friend, Henon was introduced to Rev. Don Davis, who was the pastor of the Church and president of the corporation. Several meetings between Henon and Reverend Davis occurred. After one such meeting, a sample church pew end was left with Reverend Davis for inspection. When Henon returned later to pick up the sample, he was told to go to Burton to pick up a 10% deposit for the work to be done by Rains-ville. Henon went to Burton, which promptly issued the check on the Burton Church Building Company checking account.
In late October 1982, Rainsville installed the pews in the Church, but was not paid. After contacting the Church, it attempted to get the payment from Burton, but was unsuccessful. In November 1982, Burton filed for bankruptcy, listing Rainsville as a creditor, and abandoned the construction of the Church’s building. Rainsville then filed its materialman’s lien in the amount of $19,658.08 on February 16, 1983, and instituted this action to have the lien established and declared to have priority over the Bank's mortgage.
There are two issues presented by Rains-ville on appeal. The first issue is whether the trial court erred by finding that neither an express nor an implied contract arose between Rainsville and the Church concerning the supplying of the pews. The second issue is whether the trial court erred by determining that Rainsville’s actions did not comply with the statutory requirements to establish a materialman’s lien on the Church property and that any lien that was established was inferior to the Bank’s mortgage. Because the evidence in this case was presented to the trial court sitting without a jury, the review of these issues must be made with regard to the ore tenus rule, and the trial court’s finding of facts will not be disturbed unless palpably wrong, manifestly unjust, or clearly erroneous. Barrett v. Odom, May, & DeBuys, 453 So.2d 729, 732 (Ala.1984).
In determining whether an express or implied in fact contract had arisen be *302 tween the parties, the trial court had to determine whether the elements of a contract existed. The elements of a contract are: (1) an agreement, (2) consideration, (3) two or more contracting parties, (4) a legal object, and (5) capacity. Freeman v. First State Bank of Albertville, 401 So.2d 11, 13 (Ala.1981). Although the trial court did not specifically rule on each element, neither party disputes that the last three elements are present. However, there is a dispute as to the first two elements. After reviewing the record, we find that the testimony presented is conflicting as to what was represented in the contacts and conversations between Rainsville and the Church. Because of this conflict and the superior opportunity of the trial court to observe the demeanor of the witnesses, we cannot find that the determination of the trial court is erroneous.
With respect to the second issue, Rainsville contends that the trial court was in error when it determined that Rainsville was not entitled to a materialman’s lien. The court made this determination based on its decision that Rainsville had not complied with the notice provisions of Code 1975, § 35-11-210 or § 35-11-218. Rains-ville argues that either of two forms it sent to the Church prior to the delivery of the pews was sufficient to provide the necessary notice.
In Alabama, for a notice of lien given by a material supplier to have legal effect, it must be in substantial compliance with the Code provisions. Harris Paint Co. v. Ripps, 289 Ala. 575, 578, 269 So.2d 107, 108 (1972). We disagree with the contentions put forth by Rainsville, because we believe that neither of the two forms meets the requirements of § 35-11-210 or § 35-11-218. First, neither form states that Rains-ville was supplying materials to the contractor Burton for use in the church’s building, as required by § 35-11-210. Second, neither form listed “certain specified prices,” as required in § 35-11-210, for the materials that Rainsville was supplying. And third, neither form stated that Rains-ville was claiming a lien on the Church’s property, as required by § 35-11-218. Where proper notice has not been given by a material supplier, a materialman’s lien cannot be established. See, Harper v. J. & C. Trucking & Excavating Co., 374 So.2d 886, 889-90 (Ala.Civ.App.1979). Therefore, the trial court’s judgment that Rainsville had not met the notice requirements to establish a materialman’s lien was correct.
Accordingly, the judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES and ADAMS, JJ., concur.