INGRAM, Justice.
Danny H. Davis and Janice K. Davis appeal from a summary judgment that awarded a lien for the full price of materials on a materialman’s lien to Gobble-Fite Lumber Company, Inc. The Davises also complain that the trial court erred in awarding attorney fees and interest absent a credit agreement or contract for attorney fees and interest.
The Davises contracted with Larry Lewis, who was doing business as Southern Design Builders, Inc., to construct a house on property they owned in Limestone County. Lewis purchased materials to be used on the Davis job from Gobble-Fite on credit. On November 30, 1988, Gobble-Fite delivered those materials to the Davis job site. On December 1, 1988, Gobble-Fite sent the following letter to the Davises: “Dear Mr. and Mrs. Davis:
“We are pleased to have the opportunity to furnish building materials to Southern Design Builders, Inc., to build a home for you in Limestone County, Alabama. To date we have furnished materials totaling $4,644.96. Hopefully, we will be furnishing additional materials until the completion of the job.
“Under Alabama law we are required by law to give you specific written notice that we are furnishing the materials to your contractor, Southern Design Builders, Inc., in order for us to preserve our lien rights on the property where our materials are used. Attached is the notice to you of our lien rights as required by Alabama law.
“By this notification to you that we are furnishing materials to your contractor, the law places a certain responsibility on you to see that the materials furnished by us to Southern Design Builders, Inc., are paid for out of your disbursements to your contractor.
“We would appreciate your acknowledging receipt of this letter and the attached lien notice at the space provided on the bottom of the copy of the letter *204 attached and returning that copy to us in the enclosed return postage paid envelope.
“We again thank you and Southern Design Builders, Inc., for the nice business we are to receive from the construction of your home.”
The letter was signed by James E. Hurst of Gobble-Fite Lumber Company, Inc., and was dated December 1, 1988. Attached to the letter was the following:
“TO: Mr. Danny Davis and Mrs. Janice Davis
“PLEASE TAKE NOTICE THAT Gobble-Fite Lumber Co., Inc., hereinafter referred to as ‘Gobble-Fite,’ has furnished materials to your contractor, Southern Design Builders, Inc., which such materials were used for the purpose of construction of a building or improvement on the following described property in Limestone County, Alabama, to-wit:
“[description of property was attached] “and there is presently due to Gobble-Fite on account thereof and for such materials the sum of $4,644.96 for the payment of which Gobble-Fite claims a lien on the said improvement and upon any unpaid balance due from you to your contractor.[1]
“Further, please take notice that Gobble-Fite is about to furnish to your contractor, Southern Design Builders, Inc., certain other materials and supplies for the construction of a building or improvement on the above described property, and there will become due to Gobble-Fite on account thereof the price of said materials for the payment of which Gobble-Fite will claim a lien.”
The Davises acknowledged receipt of the letter. Gobble-Fite continued to furnish materials to Lewis for the Davis job. In December 1988, the partially completed Davis house was destroyed by a windstorm. Gobble-Fite resumed supplying materials to the Davis job on March 25, 1989. Gobble-Fite supplied the last of the materials on July 13, 1989. On November 13, 1989, Gobble-Fite filed a statement of materialman’s lien in the Probate Court of Limestone County, claiming a lien on the Davises’ property for $26,200.56, the amount of Lewis’s indebtedness to Gobble-Fite. This amount represents purchases made after March 1989; the purchases made prior to March 1989 had been paid for. On January 12, 1990, Gobble-Fite filed the present action, seeking a judgment against Lewis for the amount owing on purchases made for materials for the Davis job, and a “full-price” lien against the Davises’ property in Limestone County, under § 35-11-210, Ala.Code 1975. Gobble-Fite alleged that the notice given to the Davises on December 1, 1988, was sufficient under § 35-11-210 to give Gobble-Fite a full-price lien on all materials furnished subsequent to the notice. Gobble-Fite made a motion for a summary judgment against the Davises, which the trial court granted.
The trial court held that the notice given by Gobble-Fite to the Davises was sufficient under § 35-11-210 to create a full-price lien, and, that, therefore, Gobble-Fite had a lien for the entire indebtedness of Lewis, which the trial court found to be $31,919.23, including interest (at 18% per annum) and $6,383.00 for attorney fees, without regard to the amount of the unpaid contract balance owed by the Davises to Lewis. The trial court’s order was made final pursuant to Rule, 54(b), A.R.Civ.P., and the Davises appeal.
On appeal, the Davises argue that the trial court erred in entering a summary judgment against them for the full price of materials purchased by Lewis and in awarding attorney fees and interest above the legal interest established by statute.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing *205 a trial court’s entry of a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991). The present action was filed in January 1990; therefore, the applicable standard of review is the “substantial evidence” rule. See § 12-21-12, Ala.Code 1975. “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The facts presented to the trial court are not disputed; therefore, the issues are whether Gobble-Fite was entitled to a full-price lien and whether Gobble-Fite was entitled to attorney fees and interest, as a matter of law. The principal issue before this Court is whether the notice sent to the Davises on December 1, 1988, was sufficient to entitle Gobble-Fite to a full-price lien.
The purpose of the statute creating a materialman’s lien is to protect one who supplies labor or materials for any building or improvement on land when he does so at the request of the contractor rather than at the request of the landowner. Abell-Howe Co. v. Industrial Dev. Bd., 392 So.2d 221, 224 (Ala.Civ.App.1980). The statute allows a supplier to establish a lien in order to guarantee payment. Id. However, the notice provision of the materialman’s lien statutes was included for the protection of the owner. Id. (citing Covington Co. Bank v. R.J. Allen & Assoc., 462 F.Supp. 413 (M.D.Ala.1977)).
“[The notice provision was] designed to inform the owner that the claimant intends to place an encumbrance on the owner’s land; the owner then has an opportunity to effect a settlement between himself, the contractor and the supplier prior to any encumbrancing. Harper v. J & C Trucking & Excavating Co., 374 So.2d 886 (Ala.Civ.App.1978), writ quashed, 374 So.2d 893 (Ala.1979).”
392 So.2d at 224.
Section 35-11-210, Ala.Code 1975, provides:
“[I]f the [materialman], before furnishing any material, shall notify the owner or his agent in writing that such certain specified material will be furnished by him to the contractor or subcontractor for use in the building or improvements on the land of the owner or proprietor at certain specified prices, unless the owner or proprietor or his agent objects thereto, the furnisher of such material shall have a lien for the full price thereof as specified in the notice to the owner or proprietor without regard to whether or not the amount of the claim of such material so furnished exceeds the unpaid balance due the contractor, unless on the notice herein provided for being given, the owner or proprietor or his agent shall notify such furnisher in writing before the material is used, that he will not be responsible for the price thereof.”
(Emphasis added.)
This Court notes at this time that the requirements for the notice of intent to claim a lien set forth in the text of the statute — i.e., specified prices of specified material — are inconsistent with the language of the lien form included in the statute. Section 35-11-210 states:
“Such notice may be given in the following form, which shall be sufficient:
“ ‘To ., owner or proprietor:
“ ‘Take notice, that the undersigned is about to furnish., your contractor or subcontractor, certain material for the construction, or for the repairing, altering or beautifying of a building or buildings, or improvement or improvements, on the following described property: . and there will become due to the undersigned on account thereof the price of said material, for the payment of which the undersigned will claim a lien.’ ”
Gobble-Fite used the form suggested by the statute, but did not specify prices as required by the text of § 35-11-210. How *206 ever, we can decide this case without deciding the particular issue of whether the language of the text or the language of the form controls. Nevertheless, we feel it would be helpful to the bench and bar, as well as suppliers of materials and labor, to note that a materialman’s lien for the full price of materials or labor supplied arises from an express or implied contract between the supplier and the owner to supply and to purchase material or labor. Buettner Brothers v. Good Hope Missionary Baptist Church, 245 Ala. 553, 557, 18 So.2d 75, 78 (1944); Abell-Howe Co., 392 So.2d at 224; see also W. Coleman, Alabama Construction Law 114 (1981); J. Hubbard, A Current Overview of Alabama Mechanic’s and Materialman’s Lien Law, 49 Ala.Law. 202, 204 (1988).
“The lien ... ‘is a creation of law and not of contract’ and the lien must be perfected by compliance with statutory requirements. Furthermore, ‘a valid contract of purchase is the prerequisite, and the ma-terialman must establish the same with the owner or proprietor, or his agent, as those terms are employed in the statute.’ With reference to the contractual prerequisite, two bases of liability are provided by the statute, ‘One, that written notice had been given, followed by mere silence of the owner (we think that this would create an implied contract, assuming that the materials were furnished); the other, a positive assent constituting the owner the purchaser of the material’ (an express contract).”
Buettner Brothers, 245 Ala. at 557, 18 So.2d at 78 (citations omitted).
If the notice is to be deemed a contract to purchase between the owner and the supplier, it must contain all the terms to which the supplier wishes to hold the owner; i.e., it should contain a statement of the material to be furnished, the price thereof, and any credit terms that may be included in the contract between the supplier and the purchaser of materials or labor — the general contractor or subcontractor.
The text of § 35-11-210 clearly states that in order to procure a full-price lien, the materialman must give notice of intent to claim a lien to the owner before any material is furnished. The material-man’s lien statute is in derogation of the common law. Therefore, enforcement of a lien depends upon strict compliance with the statute’s substantive requirements. Rawls Warehouse, Inc. v. Jackson, 383 So.2d 152, 153 (Ala.1980); see also Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 141 (Ala.1990). At common law the supplier of materials to a general contractor had no contract with the owner of the property to which his materials were affixed. As a result, he had no cause of action against the owner or his property when the general contractor did not pay the materialman. In Alabama, a contract to purchase is a prerequisite to a material-man’s lien for the full price of materials furnished. The contract can be expressed or implied. An implied contract arises when the materialman sends proper notice to the owner and the owner accepts the notice.
We now hold that under a strict construction of the statute, Gobble-Fite did not give sufficient notice to allow it to enforce a full-price lien because that notice, as shown by the terms of the letter sent to the Davises, was given after some materials had been furnished. In construing a statute, it is important to give effect to every word, clause, and sentence. See 2A N. Singer, Sutherland Statutory Construction § 46.06 (Sands 4th ed. 1984). The statute states that the notice must be given before any material is furnished. This Court has held that the notice must be sent to the owner sufficiently before the materials are sent so that the owner will have an opportunity to object before the materials are used. Bailey Mortgage, 565 So.2d at 142. The statute does not make the distinction between materials furnished before notice and materials furnished after notice, as if to say that a single material-man would be allowed to supply part of an order, claim an unpaid balance lien, and then require the owner to agree to a full-price lien in order to complete the order. We believe that an owner who has the *207 opportunity to refuse the full-price lien before any materials are supplied is in a better position to protect his interest than one who may be forced to agree to a lien after some, but not all, materials have been furnished. Therefore, we hold that the provision of § 35-11-210 allowing a supplier of materials or labor to claim a full-price lien for materials or labor to be furnished requires that the supplier notify the owner that he intends to claim a full-price lien and that he give the notice prior to supplying any materials. Once a supplier furnishes any material without having given the notice required by § 35-11-210, he has forever extinguished his right to claim a full-price lien as to that owner and that job.
Thus, the only lien available to a materialman who sends notice to an owner after he has supplied any material to be used in the particular job is a lien on the unpaid balance owing to the contractor at the time the notice is sent. However, when the materialman is not the general contractor, he must comply with the requirements of § 35-11-218, Ala.Code 1975, to enforce an unpaid balance lien. See Bailey Mortgage, 565 So.2d at 142. Section 35-11-218 requires (1) that the notice be in writing; (2) that it be given to the owner or his agent prior to the filing of a statement of lien in the office of the judge of probate; and (3) that the notice set forth the amount of the lien and for what and from whom it is owing. When such a notice is given, “the unpaid balance in the hands of the owner or proprietor shall be subject to such a lien.” Bailey Mortgage, 565 So.2d at 142.
Under the terms of § 35-11-218, Gobble-Fite has failed to give sufficient notice to claim a lien against even the unpaid balance on the contract between Lewis and the Davises.[2] This Court has repeatedly stated that the notice must substantially comply with the requirements of the statute. Bailey Mortgage, 565 So.2d at 142 (citing Kilgore v. First Assembly of God Church, Inc., 477 So.2d 300 (Ala.1985); Harris Paint Co. v. Ripps, 289 Ala. 575, 269 So.2d 107 (1972)). In order to comply with this statute, the notice must state the amount of the claim. McCleskey v. Finney, 272 Ala. 194, 130 So.2d 183 (1961). Where proper prior notice has not been given by a supplier of materials, a material-man’s lien cannot be established. Kilgore v. First Assembly of God Church, Inc., 477 So.2d 300 (Ala.1985).
The notice in the instant case did not inform the Davises of the amount of the lien to be claimed. The statement of lien was filed on November 13, 1989, in the amount of $25,431.88, which Gobble-Fite claims represents materials furnished in March and April 1989. The record discloses no notice given to the Davises prior to November 13, 1989, that disclosed the amount of the lien Gobble-Fite intended to claim.
Thus, we hold as a matter of law, that the notice given to the Davises on December 1, 1988, was insufficient to create either a full-price lien under § 35-11-210 or an unpaid-balance lien under § 35-11-218. We hold that, as a matter of law, Gobble-Fite was not entitled to a lien on the Davis-es’ property. Furthermore, we pretermit, as unnecessary, any discussion as to the appropriateness of the award of attorney fees and interest. Therefore, we reverse the judgment and remand this cause to the trial court with instructions to enter a judgment in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.

. We note that in this action Gobble-Fite did not claim a lien for the $4,644.96 amount owing on December 1, 1988, when the notice was sent.

. We note, again, that Gobble-Fite did not in this action claim a lien for the $4,644.96 balance owing on materials furnished prior to the December 1, 1988, notice. It avers in its brief before this Court that the amount awarded by the trial court represents the unpaid purchase price of materials furnished after March 1989, and that the balance owed on materials furnished prior to March 1989 had been paid. Therefore, we will not address whether the notice was sufficient to preserve an "unpaid balance” lien on the above-mentioned $4,644.96.