The Court of Civil Appeals reversed the judgment of the trial court by a vote of 3 to 2. Judge Murdock and Judge Bryan each dissented with an opinion. Saunders v. Lawson,982 So.2d 1091 (Ala.Civ.App. 2006). Because I agree with the rationale in their dissents, I respectfully dissent from the majority's decision to quash the writ, thus leaving the Court of Civil Appeals' decision in place.
The majority opinion of the Court of Civil Appeals improperly glosses over the distinction between an original contractor and a subcontractor made in Ala. Code 1975, § 35-11-210. A supplier is an original contractor when the supplier has "any contract with the owner or proprietor" of the land. § 35-11-210. In that situation, the statute states that the supplier "shall have a lien" for the full price of the materials provided. § 35-11-210. If, however, the supplier's contract is with a contractor and not directly with the owners of the land, the supplier is considered a subcontractor. The subcontractor can generally obtain only an "unpaid-balance lien," which is limited to the amount still owed the original contractor by the owner. For the subcontractor to obtain a full-price lien, the subcontractor is required to give the owners notice of the material provided and the price, prior to the delivery of the material. There is, however, no such notice *Page 1098 
requirement for an original contractor to secure a materialman's lien. See Keith Kantack, A Guide toMechanics' Liens in Alabama, 61 Ala. Law. 202, 203 (2000). Theresa Lawson contracted directly with the owner of the property, Brian Homes, Inc. Therefore, Lawson was an original contractor, and she should not be required to comply with the notice requirements of § 35-11-210.
The majority opinion of the Court of Civil Appeals relies heavily on Davis v. Gobble-Fite Lumber Co.,592 So.2d 202 (Ala. 1991), to reach the opposite result, i.e., that Lawson was not entitled to a full-price lien because she failed to give notice to the ultimate owners of the property. That reliance in misplaced. Davis addressed only the requirements for a subcontractor materialman's lien. In fact, the Court in Davis explicitly stated that the purpose of this type of materialman's lien is "to protect one who supplies labor or materials for any building or improvement on land when he does so at the request of the contractorrather than at the request of the landowner."592 So.2d at 205 (emphasis added). Any attempt to apply the rule announced in Davis to the situation of an original contractor stretches the scope of that decision.
Therefore, the Court of Civil Appeals either improperly expanded the scope of Davis in holding that Lawson, as an original contractor, was bound by the notice requirements, or it found that she was in fact a subcontractor. Though not stated explicitly, the Court of Civil Appeals does appear to work under the assumption that Lawson was a subcontractor.Lawson, 982 So.2d at 1094 n. 4. This assumption is necessarily based on an inference that Brian Homes was a contractor during the construction of the house and is not properly considered the owner of the land on which the house was built.
It is undisputed that at all times during the construction of the house Brian Homes owned the house and the land. No contract existed between Brian Homes and the eventual purchasers. The very word "contractor" means someone working under a contract.Black's Law Dictionary 351 (8th ed. 2004) defines a general contractor as "one who contracts for the completion of an entire project. . . ." See also Merriam-Webster'sCollegiate Dictionary 271 (11th ed. 2003) (defining a contractor as "1: one that contracts or is a party to a contract: as a: one that contracts to perform work or provide supplies. . . ."). Applying the term "contractor" to Brian Homes, which was under no contractual obligation to build the house, stretches the definition of contractor well beyond its ordinary meaning.
Instead, it is clear that Brian Homes is best considered as the "owner or proprietor" of the land. Section 35-11-232, Ala. Code. 1975, provides that "[e]very person . . . for whose use, benefit or enjoyment any building or improvement shall be made, is embraced within the words `owner or proprietor,' as used in this division." Though Brian Homes did not intend to live in the house, it was nonetheless built by Brian Homes for its own benefit, i.e., a sale for profit. Judge Murdock therefore provides a much more accurate description of the relationship of the parties in his dissent, when he states: "Lawson contracted directly with Brian Homes to perform work and to provide materials and . . . Brian Homes was the owner of the property in question." 982 So.2d at 1096.
Lawson is properly considered an original contractor, and she is therefore entitled to a full-price lien under Ala. Code 1975, § 35-11-210. Because the majority is quashing this writ, leaving in place an opinion that inappropriately applied to her *Page 1099 
the law as concerns a subcontractor, I respectfully dissent.