THOMPSON, Presiding Judge.
On May 4, 2009, Carpet Systems of Huntsville, Inc. (“Carpet Systems”), filed in the Madison Circuit Court (“the trial court”) a complaint seeking to recover $40,650 plus interest, costs, and an attorney fee from James B. Gunther, Jr., Jane Lee Gunther (hereinafter referred to collectively as “the Gunthers”), and Antioch Homes, LLC (“Antioch”). The complaint alleges that Carpet Systems was employed as a subcontractor of Antioch in Antioch’s construction of a house for the Gunthers. The Gunthers answered and denied liability.
On December 14, 2012, the Gunthers moved for a summary judgment on Carpet Systems’ claims against them. The trial court scheduled a hearing on that summary-judgment motion for February 1, 2013. On January 25, 2013, Carpet Systems filed an opposition to the Gunthers’ summary-judgment motion, and it filed its own motion for a summary judgment against the Gunthers and Antioch. The Gunthers opposed Carpet Systems’ motion for a summary judgment. Antioch did not respond or attempt to defend this action, and it is not a party on appeal.
On February 19, 2013, the trial court entered a summary judgment in favor of Carpet Systems against all three defendants. In its summary judgment, the trial court awarded Carpet Systems $40,650 plus costs. The Gunthers timely appealed.
The standard by which this court reviews a summary judgment is well settled:
“ ‘ “To grant ... a [summary-judgment] motion, the trial court must determine that the evidence does not create a genuine issue of material fact *670 and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); § 12-21-12(d)[,] Ala.Code 1975. Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
““‘In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). Our review is subject to the caveat that we must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).” ’
“Payton v. Monsanto Co., 801 So.2d 829, 832-33 (Ala.2001) (quoting Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999)).”
Maciasz v. Fireman’s Fund Ins. Co., 988 So.2d 991, 994-95 (Ala.2008).
The dispute in this action pertains to whether Carpet Systems properly complied with § 35-11-210, Ala.Code 1975, in asserting its claim for a “full price” materi-alman’s lien against the Gunthers.[1] Section 35-22-210 provides, in pertinent part:
“[I]f [the materialman] shall notify the owner or his or her agent in writing that certain specified material will be furnished by him or her to the contractor or subcontractor for use in the building or improvements on the land of the owner or proprietor at certain specified prices, unless the owner or proprietor or his or her agent objects thereto, the furnisher of the material shall have a lien for the full price thereof as specified in the notice to the owner or proprietor without regard to whether or not the amount of the claim for the material so furnished exceeds the unpaid balance due the contractor, unless on the notice herein provided for being given, the owner or proprietor or his or her agent shall notify the furnisher in writing before the material is used, that he or she will not be responsible for the price thereof.”
Our supreme court has explained that “[t]o establish the right to a full-price lien, the supplier must either (1) have an express contract with the property’s owner or the owner’s agent to supply the materials or labor, or (2) have given notice to the owner in writing of the cost of the materials or labor to be supplied before beginning work or delivering materials and the owner must not have responded in writing that the owner will not be liable for payment.”
Saunders v. Lawson, 982 So.2d 1091, 1093 (Ala.Civ.App.2006). In this case, Carpet Systems did not have an express contract for the materials and labor for which it asserts a claim for a lien. Therefore, Car *671 pet Systems has proceeded to assert its claim under the second option described in Saunders v. Lawson, i.e., a notification to the property owners of its intent to reserve its right to claim a lien.
The purpose of § 35-11-210 is to secure the materialman’s claim for payment for materials and labor it provides and to offer protection to the homeowner by requiring timely notice of the material-man’s claim to a lien:
“The purpose of the statute creating a materialman’s lien is to protect one who supplies labor or materials for any building or improvement on land when he does so at the request of the contractor rather than at the request of the landowner. Abell-Howe Co. v. Industrial Dev. Bd., 392 So.2d 221, 224 (Ala.Civ.App.1980). The statute allows a supplier to establish a lien in order to guarantee payment. Id. However, the notice provision of the materialman’s lien statutes was included for the protection of the owner. Id. (citing Covington Co. Bank v. R.J. Allen & Assoc., 462 F.Supp. 413 (M.D.Ala.1977)).
“ ‘[The notice provision was] designed to inform the owner that the claimant intends to place an encumbrance on the owner’s land; the owner then has an opportunity to effect a settlement between himself, the contractor and the supplier prior to any encumbrancing. Harper v. J & C Trucking & Excavating Co., 374 So.2d 886 (Ala.Civ.App.1978), writ quashed, 374 So.2d 893 (Ala.1979).’
“392 So.2d at 224.”
Davis v. Gobble-Fite Limber Co., 592 So.2d 202, 205 (Ala.1991).
Our courts have held, however, that strict compliance with § 35-11-210 is required in order to protect the material-man’s claim. In Davis v. Gobble-Fite Lumber Co., supra, the materialman provided the owner notice of its intent to assert a full-price lien on the day following the delivery of the materials to be provided to the construction site. The trial court entered a summary judgment awarding the materialman a lien. Our supreme court reversed, concluding that because the notice was provided to the homeowners after the materials at issue had been delivered, the materialman had failed to comply with the requirements of § 35-11-210. The court explained:
“The text of § 35-11-210 clearly states that in order to procure a full-price lien, the materialman must give notice of intent to claim a lien to the owner before any material is furnished. The materialman’s lien statute is in derogation of the common law. Therefore, enforcement of a lien depends upon strict compliance with the statute’s substantive requirements.”
Davis v. Gobble-Fite Lumber Co., 592 So.2d at 206. See also Saunders v. Lawson, 982 So.2d at 1094 (holding that the materialman failed to provide notice, in writing, of an intent to claim a lien before furnishing supplies and labor, and, therefore, the materialman was not entitled to a full-price lien under § 35-11-210).
The parties do not dispute that the foregoing is the law applicable to their dispute. Rather, they dispute whether Carpet Systems was entitled to a summary judgment on its claim for a full-price lien pursuant to § 35-11-210 and whether, in the alternative, the trial court should have entered a summary judgment in favor of the Gun-thers. With regard to those issues, Carpet Systems and the Gunthers presented the following evidence in support of their respective positions.
The Gunthers contracted with Antioch to construct a house and Antioch referred the Gunthers to Carpet Systems, a subcon *672 tractor, for the flooring for the house. It is undisputed that the Gunthers paid Antioch the entire amount due under their construction contract with Antioch, which included the amounts Antioch was supposed to pay to the subcontractors for their work. Antioch did not pay Carpet Systems for its materials and labor.[2] The Gunthers obtained a certificate of occupancy for the completion of the house on November 25, 2009.
In support of its motion for a summary judgment and in its submissions opposing the summary-judgment motion filed by the Gunthers, Carpet Systems presented documentary evidence and affidavits. Carpet Systems submitted to the trial court, among other things, the affidavit of Chris Beyl, a salesman for Carpet Systems. The Gunthers argue, as they did before the trial court, that Beyl’s affidavit was not proper under Rule 56(e), Ala. R. Civ. P., because, they maintain, it is not based on Beyl’s personal knowledge. Although Beyl did not specifically state that the facts in the affidavit are based upon his personal knowledge, in his affidavit Beyl states that he took certain actions and was present when other people took certain actions. Accordingly, we conclude that much of Beyl’s affidavit was based on his personal knowledge and complies with the requirements of Rule 56(e).[3]
Also, with one exception, we reject the Gunthers’ arguments that the documents submitted in support of Beyl’s affidavit were not properly authenticated. This court has explained:
“With respect to the requirement in Rule 56(e) that ‘[sjworn ... copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith,’ our supreme court has stated:
“ . This means that if written documents are relied upon they actually must be exhibited; affidavits that purport to describe a document’s substance or an interpretation of its contents are insufficient....” Wright & Miller, Federal Practice and Procedure: Civil § 2722.’
“Oliver v. Brock, 342 So.2d 1, 4-5 (Ala.1976) (emphasis added). See also Welch v. Houston Cnty. Hosp. Bd., 502 So.2d 340, 343 (Ala.1987); Osborn v. Johns, 468 So.2d 103, 108 (Ala.1985). As the foregoing decisions imply, a document is deemed to be ‘sworn’ if it is authenticated by the affiant and attached as an exhibit to the affidavit.”
Coleman v. BAC Servicing, 104 So.3d 195, 202 (Ala.Civ.App.2012) (final emphasis added).
In his affidavit submitted in support of Carpet Systems’ arguments, Beyl referenced documents he had himself prepared or had witnessed being completed by Jane Gunther (hereinafter “Gunther”). Those documents were submitted in support of Beyl’s affidavit. Therefore, Beyl’s affidavit served to authenticate those documents of which he had personal knowledge.
However, Beyl’s reference in his affidavit to seven Carpet Systems work orders is not based on his personal knowledge. Beyl states in his affidavit that other employees completed those work orders. Beyl did not testify that he had personal knowledge of those work orders, *673 and no effort was made to authenticate the work orders as business records. Accordingly, we conclude that the work orders referenced in Beyl’s affidavit were inadmissible.
In that part of his affidavit containing admissible evidence, Beyl testified that he met with the Gunthers in early September 2009 and that the Gunthers selected various flooring materials. Beyl stated that, thereafter, he went to the house to obtain measurements for the installation of the flooring materials selected by the Gun-thers. Beyl testified that on September 22, 2009, he met with Gunther and that she completed Carpet Systems’ standard “Notification to Owner of Furnishing Labor and/or Materials” (hereinafter “the September 22, 2009, notification”). Beyl also stated that, “to the best of [his] recollection,” Gunther had filled in that part of the September 22, 2009, notification form that reflected that the cost of the materials and labor to be supplied by Carpet Systems was $40,650. The September 22, 2009, notification form was submitted in support of Beyl’s affidavit; the parties do not dispute that the language of that notification complied with § 35-11-210. Beyl also testified that on September 23, 2009, he prepared a job contract detailing the total amount due for supplying materials and labor for “Antioch’s job” at the Gunthers’ house; that document was submitted to the trial court.
Carpet Systems also submitted into evidence the verified statement of its lien that it filed in the Madison Probate Court (“the probate court”) on November 19, 2009. In that document, Carpet Systems represented that the materials for the project had been supplied “on or about October 15, 2009.” In addition, Carpet Systems submitted to the trial court a sworn “Affidavit/Proof of Claim,” dated March 23, 2010, in which its president, Carter Haley, testified that the materials that were the subject of the claimed lien “were delivered on or about October 15, 2009.”
In support of their position, the Gun-thers submitted, among other things, the affidavit of Gunther. Gunther admitted that she filled out some of the information on the September 22, 2009, notification form, but she disputed that she had written the amount “$40,650” on that form. Rather, according to Gunther, “the amount on the [September 22, 2009,] notification was left blank.” The Gunthers did not submit into evidence the copy of the September 22, 2009, notification that they contended they received from Carpet Systems.
Gunther testified, among other things, that she was at the house on a daily basis in early to mid-September 2009 and that, at that time, employees of Carpet Systems had prepared the house for the installation of flooring and had begun installing hardwood floors in the house. Gunther stated in her affidavit that much of the hardwood flooring was in place at the time she was given the September 22, 2009, notification.
Gunther also presented evidence indicating that on September 9, 2009, the Gun-thers purchased $3,110 in materials from Carpet Systems and paid for those materials using a credit card. Gunther did not specify what materials were purchased on that date. Rather, Gunther testified that on September 9, 2009, Beyl assured her that hardwood flooring had been ordered and that another Carpet Systems employee “assisted her in the completion of the tile purchase.” Gunther further stated that exhibit C to her affidavit demonstrates that the Gunthers paid Carpet Systems “for the floor tile and materials” on September 9, 2009. Exhibit C to Gunther’s affidavit is her credit-card statement, which indicates a charge for $3,110 *674 but does not identify what items were purchased.
On appeal, the Gunthers argue that the trial court erred in entering a summary-judgment in favor of Carpet Systems. Under § 35-11-210, Davis v. Gobble-Fits Lumber Co., supra, and Saunders v. Lawson, supra, in order to make a prima facie showing sufficient to entitle it to a summary judgment in its favor, Carpet Systems was required, among other things, to present evidence indicating that it provided the Gunthers the September 22, 2009, notification before materials or labor were furnished. The admissible evidence before the trial court demonstrates that Beyl met with the Gunthers and measured the house in early September 2009 and that he prepared a job contract on September 23, 2009. Carpet Systems presented its statement of a materialman’s lien filed in the probate court and Haley’s March 23, 2010, sworn statement, both of which stated that the materials subject to the claim for a materialman’s lien had been furnished on or about October 15, 2009. Thus, we conclude that Carpet Systems met its prima facie burden of demonstrating, pursuant to § 35-11-210, that it notified the Gunthers of its claim for a full-price lien on September 22, 2009, well before it furnished the materials on October 15, 2009.
Also, § 35-11-210 requires that in order to properly notify the homeowner of the right to assert a lien, the materialman must notify the homeowner of the specific price of the material or labor to be provided. In this case, Beyl testified that, to the best of his knowledge or recollection, Gunther completed the September 22, 2009, notification form, which included the figure $40,650 as the amount of the materials and labor to be provided by Carpet Systems. In support of Beyl’s affidavit, Carpet Systems submitted the September 22, 2009, notification form, which, on its face, indicates that the Gunthers were properly notified of Carpet Systems’ possible claim for a full-price lien. We conclude that that evidence, taken together, constituted a pri-ma facie showing that Carpet Systems complied with § 35-11-210 by providing the September 22, 2009, notification to the Gunthers of its right to claim a full-price materialman’s lien and that the materials and labor were furnished after that date.
In opposition to that evidence, the Gunthers presented evidence indicating that Carpet Systems’ September 22, 2009, notification did not comply with § 35-11-210. Gunther testified that when she was provided the September 22, 2009, notification, the portion of that form identifying the amount of the claim was left blank, and she stated that she did not fill in that blank. The Gunthers did not submit into evidence the September 22, 2009, notification form they claim was provided to Gunther. Regardless, we conclude that Gunther’s testimony created a genuine issue of material fact regarding whether the September 22, 2009, notification properly complied with § 35-5-210.
Also, the Gunthers presented evidence disputing Carpet Systems’ prima facie showing that the materials and labor were furnished after the Gunthers received the September 22, 2009, notification. Gunther testified that Carpet Systems had already provided labor and that “much of the hardwood flooring” was in place when she received the September 22, 2009, notification. However, Gunther also testified that the Gunthers had made a separate purchase of materials from Carpet Systems on September 9, 2009, and that she had communicated on that date with a Carpet Systems employee about the installation and order *675 ing of hardwood flooring.[4] In her affidavit, Gunther did not explain whether the materials and labor she stated had .been provided before she received the September 22, 2009, notification were part of the larger, $40,650 order for which Carpet Systems sought its full-price lien or whether those materials and labor were provided pursuant to the separate, September 9, 2009, transaction in which the Gunthers purchased items directly from Carpet Systems.[5] However, out of an abundance of caution, we conclude that there exists a factual question as to whether materials and labor for the order for which Carpet Systems claims a lien had been furnished before Carpet Systems provided the Gun-thers the September 22, 2009, notification.[6]
Given the foregoing, we hold that the trial court erred in entering a summary judgment in favor of Carpet Systems.
Although the trial court did not expressly deny the Gunthers’ summary-judgment motion, that ruling is implicit in its February 19, 2013, summary judgment in favor of Carpet Systems. The Gunthers have argued on appeal that their evidence on the issue whether labor and materials was provided before they received the September 22, 2009, notification was sufficient to create a prima facie case for the entry of a summary judgment in their favor. See Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth., 837 So.2d 253, 263 (Ala.2002) (“[An] appeal from a pretrial final judgment disposing of all claims in the case (as distinguished from a Rule 54(b)[, Ala. R. Civ. P.,] summary judgment disposing of fewer than all claims) entitles the [appellant], for purposes of [an appellate court’s] review, to raise issues based upon the trial court’s adverse rulings, including the denial of [the appellant’s] summary-judgment motion. See Ala. R.App. P. 4(a)(1).”). As already explained in this opinion, the Gunthers presented no evidence attempting to distinguish the materials provided pursuant to the September *676 9, 2009, purchase from those subject to the September 22, 2009, notice and subsequent lien. In the absence of evidence indicating that the materials and labor provided relate solely to that for which Carpet Systems is asserting its claim under § 35-11-210, we cannot say that the Gunthers presented a prima facie case. However, as already stated in our discussion of the Gunthers’ argument that summary judgment in favor of Carpet Systems was inappropriate on this issue, we conclude that the evidence presented by the parties on this issue was sufficiently in dispute to render summary judgment inappropriate in this action.
We must also reject the Gunthers’ argument that the trial court erred in denying their summary-judgment motion on the issue whether the September 22, 2009, notification complied with the requirements of § 35-11-210. The Gunthers claim that Gunther’s testimony in her affidavit that the September 22, 2009, notification did not set forth the amount of Carpet Systems’ claim was sufficient to make a prima facie case in support of their summaryjudgment motion. However, although Gunther described what she believed the September 22, 2009, notification stated, the Gunthers failed to submit a version of the September 22, 2009, notification form substantiating that description in Gunther’s affidavit. See Coleman v. BAC Servicing, 104 So.3d at 202 (““‘[I]f written documents are relied upon they actually must be exhibited; affidavits that purport to describe a document’s substance or an interpretation of its contents are insufficient. (emphasis omitted)). Thus, we cannot agree that the Gunthers presented a prima facie case that the September 22, 2009, notification failed to comply with § 35-11-210. Further, even assuming that such a prima facie case was made, as is indicated in our discussion of this issue in addressing the Gunthers’ arguments that the trial court had erred in entering a summary judgment in favor of Carpet Systems, Carpet Systems submitted what appears to be a notification in compliance with § 35-11-210. We conclude that the evidence presented by the parties created genuine issues of material fact to be resolved by the trial court.
The record demonstrates the existence of genuine issues of material fact in this action. Therefore, we hold that the trial court erred in entering a summary judgment in favor of Carpet Systems, and we reverse the judgment and remand the cause for further proceedings consistent with this opinion. The trial court’s denial of the Gunthers’ summary-judgment motion is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Under § 35-11-210, a contractor may also assert a claim for an “unpaid balance” lien, i.e., one “for the amount of the unpaid balance due to the contractor from the purchaser/owner.” Buckner v. Alpha Lumber & Supply Co., 628 So.2d 450, 452 (Ala.1993). It is undisputed that the Gunthers paid the full amount due to Antioch, their contractor, and, therefore, Carpet Systems has not sought an unpaid-balance lien.

. According to allegations by the Gunthers in their motions filed in the trial court, a number of subcontractors, including Carpet Systems, asserted claims against them, but the other subcontractors' claims were dismissed.

. The portion of Beyl’s affidavit not based on his personal knowledge is discussed later in this opinion as part of the discussion pertaining to the authentification of certain documents submitted by Carpet Systems.

. The Gunthers argue in their brief on appeal that they presented evidence of having paid for the flooring from Carpet Systems in June 2009, well before the September 22, 2009, notification. In asserting that argument, the Gunthers cite Gunther’s testimony that, in June 2009, the Gunthers made a large payment to Antioch and that Antioch had designated that payment as covering, among other things, the costs of flooring. The Gunthers have cited no authority for the proposition that a payment to a general contract that the general contractor purports is to cover the cost of a certain materialman's labor and materials equates to a payment to that materi-alman for the purposes of § 35-11-210. Accordingly, we decline to attribute the payment the Gunthers made to their contractor as having been made to Carpet Systems.

. In support of their position on the competing summary-judgment motions, the Gunthers did not present any evidence indicating that the items purchased separately by them on September 9, 2009, were part of the order or purchase for which Carpet Systems asserts its claim of a $40,650 lien. The evidence presented by Carpet Systems contains no reference to that previous transaction.

.The Gunthers also argue that labor was provided before they received the September 22, 2009, notification because Beyl worked to measure the house for the flooring installation before September 22, 2009. We need not reach Carpet Systems' argument that that labor did not benefit the Gunthers’ house or realty. The Gunthers presented no evidence indicating that Carpet Systems included the cost of the labor needed to provide an estimate of the project cost or the amount of materials needed in its claim. Rather, we conclude that, assuming that work or labor undertaken to determine the cost of the proposed project or the amount of materials needed to complete the requested project is not included in the amount of the claimed lien, such work or labor does not operate to defeat a claim under § 35-11-210. To hold otherwise would prevent a materialman from having the ability to accurately assess a project or provide an estimate of its charges in providing goods and services.