This appeal is from an action to establish and enforce a materialmen's lien.
In May 1991 First Coastal Building Supply, Inc., filed a complaint against Ferri Burch in the Circuit Court of Houston County, seeking to establish a materialmen's lien in the amount of $6,935 on property owned by Burch. First Coastal requested that the property be condemned and sold to satisfy the lien.
Burch subsequently filed a motion to transfer the lien from the real property to other security by depositing with the court a sum of money equal to the amount claimed by First Coastal. The trial court granted this motion and Burch then filed an answer to the complaint.
After an ore tenus proceeding, the trial court entered judgment in favor of Burch, and First Coastal's complaint was dismissed with prejudice. However, First Coastal then filed a motion for amendment of judgment, and another proceeding was held on the motion. The trial court entered an order reversing and setting aside its previous judgment and directed that the funds being held by the court be paid to First Coastal. Burch filed a motion for new trial, which was denied. However, the trial court did amend its previous order and determined that the actual amount owed by Burch was $5,512.10 plus interest of 12%, rather than the $6,935 being held by the court. Burch appeals.
To begin our review, we note the following pertinent facts: Ferri Burch contracted with Dale Atkinson to build a house on certain real estate she owned. Atkinson then hired Brassco, Inc., a vinyl siding contracting corporation, as a subcontractor on the project. At that time, Brassco had an account with First Coastal, which supplied Brassco with materials for various construction jobs. Although Brassco owed over $9,000 on its account, First Coastal furnished over $5,500 in materials to Brassco for the Burch job.
Burch made payments on the construction of her house to Atkinson, who then paid Brassco. Brassco in turn made payments to First Coastal. However, the payments were applied to the total arrearage on its account rather than to the lesser amount owed for materials used on the Burch job.
Brassco subsequently filed for bankruptcy, and First Coastal was listed as a creditor in the amount of $12,115. First Coastal *Page 148 
then filed a verified statement of mechanic's lien in the probate judge's office and gave notice to Burch that the remaining money she owed to Dale Atkinson for the construction of her house should be paid instead to First Coastal. In spite of the notice given to her, Burch paid the remaining amount due on her house to Atkinson.
At trial, First Coastal claimed that by ignoring notice of the lien and paying the money due to Atkinson directly to him, Burch assumed the liability for Brassco's nonpayment of its account with First Coastal. On appeal, Burch argues that the lien was not perfected at the time she received notice of it and thus it was not binding on her.
Materialmen's liens are designed to protect one who supplies labor or materials for any building or improvement on land when he does so at the request of a contractor or subcontractor, rather than the owner of land. To guarantee that the supplier is compensated for his services or labor, §§ 35-11-210 through -234, Code 1975, allow him to establish a lien on the improvements and land.
Section 35-11-210 creates two types of materialmen's liens: (1) a lien for the full price of the materials furnished by the supplier, and (2) a lien for the amount of the unpaid balance due to the contractor from the owner. Abell-Howe Co. v.Industrial Dev. Bd., 392 So.2d 221 (Ala.Civ.App. 1980). A "full price" lien may attach where there is an express contract between the supplier and owner, as happens when the contractor is also the owner of the property. It may also attach when there is an implied contract between the owner of the property, who is not also the contractor, and the supplier. Abell-Howe.
In such a situation, the implied contract must be established from the outset of construction. The supplier sends written notice to the owner of the land, prior to delivery of the building materials, that he plans to supply certain materials at certain prices to the contractor or subcontractor.Abell-Howe. Where the supplier sends such notice without objection from the owner, the owner may thereafter be personally liable for the full price of the materials if the contractor fails to pay the supplier for them and the supplier perfects the lien.
An "unpaid balance" lien is created when there is no express or implied contract between the supplier and owner to pay for materials if the contractor fails to do so. In such a situation, the supplier must give notice to the owner of his intent to claim a lien on the owner's property before filing a verified statement claiming the lien. § 35-11-210; Abell-Howe.
When the lien is perfected, the supplier can then recover its indebtedness up to the amount of the balance owed to the contractor by the owner.
In this case First Coastal sought an "unpaid balance" lien against Burch's property after Brassco went into bankruptcy. There was no express or implied contract between First Coastal and Burch from which a full price lien could arise. At trial First Coastal argued that the lien was perfected when it gave notice to Burch of the intended lien before it was recorded. As noted in Abell-Howe, this is a crucial step in perfecting an "unpaid balance" lien. However, the Alabama Supreme Court has held that, even with such notice, the lien is not perfected until the liability for the debt owed to the supplier is established and a money judgment is entered against the debtor.Ex parte Grubbs, 571 So.2d 1119 (Ala. 1990).
In Grubbs, a contractor owned a residential lot on which he built a house that was later sold to the Grubbs family. Prior to the sale, two suppliers furnished materials to the contractor which he used in the construction of the house. The contractor did not pay for these materials. After the sale to the Grubbses, the suppliers filed an action seeking money judgments against the contractor and seeking to have materialmen's liens perfected and enforced against the Grubbses' property. The contractor then filed for bankruptcy. The trial court awarded a money judgment against the contractor for the suppliers, but the judgment could not be entered against him due to the bankruptcy proceeding. The court then entered a money judgment against the Grubbses as to one of the suppliers *Page 149 
but not the other. However, the court enforced the liens of both suppliers. The court of civil appeals found that the lien of the second supplier could not be enforced without a prior money judgment against the Grubbses for the second supplier's claim.
On petition for writ of certiorari, the supreme court noted that the materialmen's liens created under §§ 35-11-210 through -234 can be perfected and enforced only by strict compliance with the requirements set out by the legislature. Construing §35-11-224, the court held that a materialmen's lien could not be perfected without a prior money judgment against the debtor, whether it be the contractor or the owner of the property. See
§ 35-11-224. The court held that no money judgment could be entered against the Grubbses because there was no express or implied contract between the Grubbses and the suppliers to make the Grubbses personally liable for the payment of materials used in building the house. The court acknowledged that no money judgment could be entered against the contractor either, because he was protected by the bankruptcy proceedings. The suppliers thus could not obtain a judgment against either the debtor-contractor or the Grubbses, and the lien could not be perfected.
In the present case First Coastal cannot establish a money judgment against either Burch or Brassco as is required byGrubbs. There is no express or implied contract between the supplier and Burch that would subject Burch to personal liability for the payment of materials used in building her home. Brassco is immune from judgment due to the protection of bankruptcy.
We note that even if a money judgment could have been obtained against Brassco, First Coastal could not have perfected an unpaid balance lien against Burch's property. At the time that First Coastal gave notice to Burch of its intention to establish a lien as required by § 35-11-210, the lien was inchoate and Burch was within her rights to pay off the unpaid balance directly to her contractor instead of Brassco. Where there is no unpaid balance due or to become due to the contractor from the owner, no lien can attach.Abell-Howe. By paying off her contractor when she received notice of First Coastal's intent to file a balance due lien and thus eliminating the unpaid balance due on the job, Burch protected her property from the imposition of an unpaid balance lien even if First Coastal had later been able to obtain a money judgment against Brassco.
The materialman is required to give notice to the ownerbefore filing an unpaid balance lien, thus giving the owner an opportunity to effect a settlement between himself, the contractor, and the supplier prior to attachment of the lien. This notice is for the protection of the owner. Abell-Howe. The lien statutes do nothing to preclude an owner who receives such notice from immediately paying off any unpaid balance to a contractor to prevent a balance due lien from attaching. This result can be avoided only if the materialman first obtains a money judgment against the debtor before giving notice to the owner. When this is not possible, as in the instant case, the materialman is left without recourse to collect upon the materials he has provided, thus frustrating the very purpose of the lien statutes. However, as pointed out by the supreme court in Grubbs: "If a change in the statute is needed to protect the interests of a materialman when a money judgment cannot be entered against the debtor, that change must be made by the Legislature; it cannot be made by this Court."
First Coastal insists that, under Grubbs, a previous money judgment is required only to perfect a "full amount" lien and that an unpaid balance lien is perfected by merely giving timely notice to the owner in accordance with § 35-11-210. This argument is without merit. The court in Grubbs held that "materialman's liens" under § 35-11-210 must be perfected by a prior judgment. The statute creates both types of liens; thus, the plural phrase used in Grubbs clearly makes the money judgment requirement applicable to both. Moreover, the lien that was sought in Grubbs was an "unpaid balance" lien; *Page 150 
thus, its holding is especially applicable here.
First Coastal also attempts to distinguish Grubbs from the present case by pointing out that the Grubbses were innocent purchasers who bought their house from the contractor who built it, while Burch herself contracted for the building of her house. This argument is likewise without merit. The mere fact that Burch had privity with the contractor who built her house does not establish an implied contract that would subject her to personal liability for the debts of the subcontractor Brassco to the supplier First Coastal.
In view of the foregoing, we find that the trial court erred in entering judgment against Burch for the debts owed to First Coastal by Brassco. Its judgment is reversed and the cause remanded for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.