BRYAN, Judge.
Valley Joist, Inc., appeals from a summary judgment entered in favor of CVS Corporation and Halstead Contractors, LLC.[1] We reverse and remand.
CVS contracted with Halstead Contractors to build a CVS pharmacy on real property owned by CVS. Halstead Contractors subcontracted with LaVergne Steel Corporation to provide materials and labor for the construction project. LaV-ergne Steel subsequently hired Valley Joist to provide materials to be used in the construction project. LaVergne Steel failed to pay Valley Joist for the materials that Valley Joist had provided.
On December 21, 2004, Valley Joist gave written notice to CVS, Halstead Contractors, and LaVergne Steel that Valley Joist was claiming a materialman’s lien on CVS’s property on which the CVS pharmacy had been built. On December 28, 2004, Valley Joist filed a verified statement of its materialman’s Ken. On February 24, 2005, Valley Joist sued CVS, Halstead Contractors, and LaVergne Steel, seeking to enforce and perfect the materialman’s lien *1117 against CVS’s property. Valley Joist’s complaint also alleged open account, account stated, and breach of contract against LaVergne Steel.
On March 30, 2005, CVS paid Halstead Contractors the remaining balance that CVS owed to Halstead Contractors on the construction contract. On April 15, 2005, a default judgment in the amount of $15,174.88 was entered in favor of Valley Joist against LaVergne Steel.
On July 5, 2005, Valley Joist moved for a summary judgment. On July 18, 2005, CVS and Halstead Contractors filed a motion for a summary judgment, which the trial court granted on October 11, 2005. Valley Joist timely appealed.
“Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999).... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.”
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003).
“According to § 35-11-210, [Ala.Code 1975,] there are essentially two types of [materialman’s] liens, one for the full price of the materials furnished and another for the amount of the unpaid balance due the contractor from the owner. These two types of liens have been characterized as ‘unpaid balance’ liens and ‘full price’ liens. Hubbard, A Current Overview of Alabama’s Mechanic’s and Materialmen’s Lien Law, 49 Ala. Law. 203, 204 (1988).”
Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 141 (Ala.1990). Valley Joist sought to enforce and perfect an unpaid-balance materialman’s lien on CVS’s prbperty. To perfect an unpaid-balance lien, a materialman must: (1) provide written notice of the claimed lien to the owner; (2) file a verified statement of lien in the probate court in the county where the subject real property is located; and (3) file suit to enforce the lien and obtain a money judgment against the ma-terialman’s .direct debtor. § 35-11-210, Ala.Code 1975; and Grubbs v. Jenkins Brick Co., 571 So.2d 1119, 1120 (Ala.1990).
In granting Halstead Contractors’ and CVS’s summary-judgment motion, the trial court concluded that the present case was controlled by this court’s opinion in Burch v. First Coastal Building Supply, Inc., 606 So.2d 146 (Ala.Civ.App.1992). On appeal, CVS and Halstead Contractors argue, as they did in moving for a summary judgment, that the present case is controlled by Burch. In that case, Burch contracted with Atkinson to build a house on Burch’s property. 606 So.2d at 147. Atkinson hired Brassco, Inc., as a subcontractor, and Brassco in turn received materials from First Coastal Building Supply, Inc. Id. Brassco failed to pay First Coastal for the materials used in building the house. Id. Brassco subsequently filed for bankruptcy. Id. First Coastal filed a verified statement of lien and gave notice to Burch of the claimed lien on Burch’s property. 606 So.2d at 147-48. After receiving notice of the lien, Burch paid Atkinson the remaining unpaid-balance amount due on the construction contract between Burch and Atkinson. 606 So.2d at 148.
In reversing the trial court’s judgment enforcing First Coastal’s unpaid-balance lien, this court held that First Coastal was incapable of enforcing or perfecting its unpaid-balance lien because First Coastal could not obtain a money judgment against Brassco, which was immune from judgment under bankruptcy law. 606 So.2d at *1118 149. After stating this holding, this court, in dicta, opined:
“We note that even if a money judgment could have been obtained against Brassco, First Coastal could not have perfected an unpaid balance lien against Burch’s property. At the time that First Coastal gave notice to Burch of its intention to establish a lien as required by § 35-11-210, the lien was inchoate and Burch was within her rights to pay off the unpaid balance directly to her contractor instead of Brassco. Where there is no unpaid balance due or to become due to the contractor from the owner, no lien can attach. Abell-Howe [Co. v. Industrial Dev. Bd. of Irondale, 392 So.2d 221, 225 (Ala.Civ.App.1980) ]. By paying off her contractor when she received notice of First Coastal’s intent to file a balance due lien and thus eliminating the unpaid balance due on the job, Burch protected her property from the imposition of an unpaid balance lien even if First Coastal had later been able to obtain a money judgment against Brassco.
“The materialman is required to give notice to the owner before filing an unpaid balance lien, thus giving the owner an opportunity to effect a settlement between himself, the contractor, and the supplier prior to attachment of the lien. This notice is for the protection of the owner. Abell-Howe. The lien statutes do nothing to preclude an owner who receives such notice from immediately paying off any unpaid balance to a contractor to prevent a balance due lien from attaching.”
Burch, 606 So.2d at 149 (emphasis omitted).
Relying on the above dicta from Burch, CVS and Halstead Contractors argue that, because CVS paid Halstead Contractors the unpaid balance on the construction contract before Valley Joist obtained a money judgment against LaV-ergne Steel, Valley Joist’s unpaid-balance lien could not attach to CVS’s property and was effectively extinguished. However, § 35-11-218, Ala.Code 1975, which was not addressed in Burch, provides:
“Every person, except the original contractor, who may wish to avail himself of the provisions of this division, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner or proprietor, or his agent, that he claims a lien on such building or improvement, setting forth the amount thereof, for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner or proprietor shall be held subject to such lien. But the provisions of this section shall not apply to the case of any material furnished for such building or improvement, of which the owner was notified in advance as provided in section 35-11-210.”
(Emphasis added.) Section 35-11-218 provides that once a materialman gives proper notice of an unpaid-balance lien, any unpaid balance in the possession of the owner or proprietor must be held subject to that lien. On December 21, 2004, mate-rialman Valley Joist gave proper statutory notice of the unpaid-balance lien to CVS, the owner. Therefore, pursuant to § 35-11-218, CVS was required to hold any unpaid balance due to Halstead Contractors subject to Valley Joist’s unpaid balance lien.[2] Despite dicta to the contrary in Burch, Valley Joist’s lien was not extin *1119 guished by virtue of CVS’s paying Hal-stead Contractors the remaining unpaid balance due on the construction project after notice of the lien was given to CVS. Accordingly, CVS and Halstead Contractors were not due a judgment as a matter of law and, therefore, were not due to be granted a summary judgment in their favor.
We reverse the summary judgment, and we remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, P.J., concurs specially, with writing.
MURDOCK, J., concurs in the result, without writing.

. Although a summary judgment was entered in favor of the three named defendants — CVS, Halstead Contractors, and LaVergne Steel Corporation — only CVS and Halstead Contractors are listed as appellees on the notice of appeal.

. Although we acknowledge that the notice requirement is “for the protection of the owner,” Abell-Howe Co. v. Industrial Dev. Bd. of Irondale, 392 So.2d 221, 224 (Ala.Civ.App.1980), this fact in no way nullifies the plain language found in § 35-11-218.